The International & Great Northern Railway Company
v. Garrett & Spiller.

No. 470.

**Freight Contracts Stipulating for Notice of Claims for Damages.**—Whether stipulations in a freight contract for shipment of stock are reasonable, when requiring the shipper to give notice in writing of his claim for damages to some general officer of the railway company, etc., within one day after the delivery of such stock at its destination, as a condition precedent to his right to any damages, is a question of fact for the jury, upon considering all the circumstances of the transaction. This obtains as well in interstate as in local transportation.

Appeal from Travis.    Tried below before Hon. W. M. Key.

*Fisher & Townes,* for appellant.—The provisions in contracts as to notice of damage, being a condition precedent to liability, are reasonable and valid at common law. They are fully met by notifying the delivering agent at point of destination, who is necessarily present and dealing with the shipper or his agent at the time the stock are received by the consignee. In this most material regard these contracts differ from contracts which require notice to an unascertained, inaccessible, and distant party, and authorities holding contracts of the latter kind to be unreasonable do not apply in this case. Railway v. Harris, 67 Texas, 166; Railway v. Trawick, 68 Texas, 314; Railway v. Cornwall, 8 S. W. Rep., 312; Railway v. Fagan, 9 S. W. Rep., 751; Express Co. v. Caldwell, 21 Wall., 265; Express Co. v. Hunnicut, 54 Miss., 569; Owen v. Railway, 9 S. W. Rep., 698; Spray v. Railway, 8 Pac. Rep., 465; Railway v. Smitha, 4 So. Rep., 708; Rice v. Railway, 63 Mo., 314; Dawson v. Railway, 76 Mo., 514; Oxley v. Railway, 65 Mo., 629; Express Co. v. Caperton, 44 Ala., 101; Railway v. Henline, 52 Ala., 606; Porter v. Express Co., 4 S. C., 135; Westcott v. Fargo, 61 N. Y., 452; Caphart v. Seaboard, 77 N. C., 255; Express Co. v. Reagan, 29 Ind., 21; Express Co. v. Harris, 51 Ind., 127; Squire v. Railway, 98 Mass., 239; Christian v. Railway, 20 Minn., 21; Laws. on Con. of Carr., secs. 120–122.

*Sheeks & Sheeks,* for appellees.—The court charged the law in leaving to the jury the question as to whether or not the condition in the contract limiting the liability of appellant was reasonable. Railway v. Greathouse, 82 Texas, 105; Railway v. Fagan, 72 Texas, 132; Railway v. Harris, 67 Texas, 167.

FISHER, Chief Justice.—This is a suit by the appellees against the appellant, for damages resulting from injury to two carloads of horses shipped over appellant's road from Kyle, in Hays County, Texas, to Helena and

Forest City, Arkansas. The injury occurred on appellant's road. Verdict and judgment below resulted in favor of appellees.

The petition of appellees declares upon the contract of shipment, which contains, with other provisions, the following:

"That for the considerations aforesaid, said second party further expressly agrees, that as a condition precedent to his right to any damages for any loss or injury to his said stock during the transportation thereof, or previous to loading thereof for shipment, he will give notice in writing of his claim therefor to some general officer of said first party, or to its nearest station agent, or to the agent at the delivering station on the railway which carries the said stock to destination, or to the nearest station agent or general officer of such delivering road, before said stock is removed from the point of shipment, or from the place of destination, and before such stock is mingled with other stock, within one day after the delivery of such stock at its point of destination, and before the same shall have been removed, slaughtered, or intermingled with other stock, to the end that such claim may be fully and fairly investigated, and that a failure to fully comply with the terms of this clause shall be a complete bar to any recovery of any and all such claims. The written notice herein provided for can not and shall not be waived by any person except such general officer or station agent, and by him only in writing."

The court below submitted to the jury the question whether this provision was reasonable or unreasonable, and instructed them if they should find it to be the former, they would give effect to it; but if the latter, they should disregard it.

The appellant contends, that this charge was erroneous, and that the court should, as a matter of law, have construed the contract, and should have determined that it was reasonable and binding upon the appellees, and that the jury should have been so informed. This is the only question presented in this appeal.

As we understand the law, in construing provisions in contracts such as that before us, the doctrine of reasonableness is applied to interstate shipments, as well as those that are domestic. The right of the parties in interstate shipments to incorporate in their contracts such a provision as this is admitted upon the ground that it must be reasonable in order to be binding upon the shipper. Such a contract, we think, stands upon the same footing as a regulation or rule of the carrier regarding shipments over its line. Although the contract is in a certain sense a voluntary and mutual act of the parties to it, yet, as a fact, the unequal standing of the parties in their relation to each other over the matter of shipment and the terms and conditions that shall govern it, is as great in the matter of providing the terms of the contract as in making the regulations and rules by the carrier. The carrier has it in its power to force upon the shipper such provisions and terms in the contract of shipment

as the exercise of its will or pleasure may dictate. The unequal position occupied by the shipper in making such contract, and his weakness in this respect, are relieved by a rule of public policy that imposes upon the carrier the authority to exercise its great power in this respect in contracting with reference to shipments only when the stipulations agreed upon are reasonable. The fact that the shipment may be interstate does not accord the carrier the right to impose upon the shipper a contract that is unreasonable in its terms. The law does not undertake to define when a provision of a contract such as that before us is reasonable, but the determination of that fact must be gathered from the facts of each particular case. Such being true, it must be ascertained by the jury. Express Co. v. Darnell, 62 Texas, 689; Railway v. Lockwood, 17 Wall., 359; Railway v. Harris, 67 Texas, 169; Railway v. Greathouse, 82 Texas, 105; Railway v. Wright, 2 Texas Civ. App., 465; Wheel. on Carr., 123–132; Port. on Bills Lad., secs. 385–396; 1 Rorer on Rys., 233–236, 227; 2 Am. and Eng. Encycl. of Law, 818–829, 834–836.

The judgment of the court below is affirmed.

*Affirmed.*

Delivered December 20, 1893.