### McCOY v. PAFFORD et al.

(Court of Civil Appeals of Texas. Dallas. Nov. 2, 1912. Rehearing Denied Nov. 16, 1912.)

1. VENUE (§ 27*)—INSTRUCTIONS—NECESSITY.

If plaintiff bought from a grain company, in good faith, a claim against defendant for damages for selling inferior hay with a guaranty by the grain company of the claim, the fact that it sold the claim to plaintiff to compel defendant to litigate the question out of the county of his residence and in that of plaintiff's residence would not prevent plaintiff from suing therein, and hence, in an action on the claim, plaintiff's good faith in purchasing the claim should be submitted, independent of the company's good faith in selling.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 41; Dec. Dig. § 27.*]

2. VENUE (§ 27*)—PRIVILEGE OF DEFENDANTS—ASSIGNEE OF CLAIMS—GOOD FAITH OF ASSIGNMENT.

If the sale to plaintiff of a claim against defendant for damages for selling poor quality hay to plaintiff's assignor was in good faith, the fact that one of the motives of the purchase was to enable plaintiff to sue in a county which was not that of defendant's residence would not defeat jurisdiction in that county.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 41; Dec. Dig. § 27.*]

3. APPEAL AND ERROR (§ 907*) — PRESUMPTIONS—ABSENCE OF RECORD.

In the absence of a statement of facts, it must be presumed on appeal that the findings

of the trial court were sustained by the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2911–2915, 2916, 2673, 2674, 2676, 2678; Dec. Dig. § 907.*]

4. APPEAL AND ERROR (§ 927*) — PRESUMPTIONS—SUPPORT OF JUDGMENT.

In the absence of a statement or conclusion of facts, the appellate court must indulge every presumption necessary to sustain the ruling . of the trial court in directing a verdict.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2912, 2917, 3748, 4024; Dec. Dig. § 927.*]

5. TRIAL (§ 169*)—DIRECTION OF VERDICT.

Where there is an entire absence of evidence on the question of negligence, it is the trial court's duty to direct a verdict for defendant.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 341, 381–387, 389; Dec. Dig. § 169.*]

6. PLEADING (§ 111*)—PLEA OF PRIVILEGE—DETERMINATION.

If, in an action for damages for the sale of inferior hay, brought against the seller and the railroad companies transporting the hay, it appeared that the carriers were not negligent, a verdict was properly directed for them, though the case was transferred to another county for trial on the plea of privilege of the other defendant, there being nothing prohibiting such action in Rev. Civ. St. 1911, art. 1832, requiring the transfer of the cause to the court having "jurisdiction of the person of the defendant therein" if a plea of privilege to be sued in another county is sustained, or article 1833, requiring the court to order the venue to be changed to the proper court.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 234–236; Dec. Dig. § 111.*]

7. APPEAL AND ERROR (§ 1050*) — HARMLESS ERROR—ADMISSION OF EVIDENCE.

In an action by the assignee of a claim for damages for the sale by defendant of inferior hay, in which defendant filed a plea of privilege to be sued in another county, any error in admitting in evidence defendant's sworn plea of privilege was harmless, where it was admitted that the court only had jurisdiction of defendant if the assignment of the claim was genuine, and that issue was specially submitted.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4153–4160, 4166; Dec. Dig. § 1050.*]

Appeal from Grayson County Court; J. Q. Adamson, Judge.

Action by J. T. McCoy against J. L. Pafford and others. From a judgment for defendant named on his plea of privilege to be sued in another county and for the. unnamed defendants, plaintiff appeals. Reversed and remanded for new trial as to part of the defendants and affirmed as to others. ᐟ ⸱⸱

J. P. Leslie, of Sherman, for appellant. Head, Smith, Hare & Head, L. J. Polk, Jr., and Abney & Hassell, all of Sherman, and W. A. Wilson, of Claude, for appellees.

RASBURY, J.   The Howe Grain & Mercantile Company, a private corporation located at Howe, in Grayson county, Tex., prior to the filing of this suit was engaged in buying and selling grain, etc., and while so engaged bought of J. L. Pafford six cars of sorghum hay of guaranteed quality. The hay was delivered f. o. b. cars at the town of Claude, in Armstrong county, and from that point transported direct to the customers of the Howe Grain & Mercantile Company, which relied upon the representations of Pafford as to quality and quantity. The customers of the grain company refused to accept the hay because. of its claimed inferior quality, resulting in an alleged loss to the grain company of $465.86. Subsequent to the happening of the foregoing facts, this suit was filed by the appellant, McCoy, in the county court of Grayson county against the grain company and the appellee Pafford for the amount of the claimed loss on the hay; appellant, McCoy, alleging that the claim had been assigned to him and payment thereof guaranteed by the grain company. Appellee Pafford, defendant below, did not reside in Grayson county when the suit was filed, but his original codefendant, the grain company, did. After the suit was filed McCoy, by amended petition, made the Houston & Texas Central Railroad Company, Ft. Worth & Denver City Railway Company, and the Galveston, Harrisburg & San Antonio Railway Company defendants, upon the ground, in effect, that, if the hay was not inherently bad, then its condition was due to the negligence of the defendant railway companies, who were connecting carriers, in transporting same from the point of shipment to destination. The appellee Pafford pleaded in abatement his right to be sued in Armstrong county, the place of his residence, and charged by said plea that the transfer by the grain company of its claim to McCoy was fictitious, fraudulent, and without consideration, not made in good faith, but for the purpose of conferring jurisdiction upon the county court of Grayson county. The grain company adopted the pleadings of appellant McCoy. Appellees railway companies denied the negligence charged against them. Trial was had upon all issues before a jury, including appellee Pafford's plea of privilege. At the conclusion of the testimony and argument of counsel, the trial court instructed the jury to return a verdict for the railroad companies, but submitted all other issues to the jury for its determination upon the evidence adduced, except that the jury was told, in the event it found in favor of the appellee Pafford on its plea of privilege, it should go no further into the liability of Pafford upon the claim for damages for the delivery of the alleged inferior hay. The jury returned a verdict for appellee Pafford on his plea of privilege, and under instructions found for the defendant railroad companies. Judgment was entered accordingly, from which McCoy appeals.

Appellant's first assignment of error complains of the refusal of the court to give special charge No. 2, requested by appel-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes.

lant, and the second assignment complains of the court's charge as given, both hearing upon the genuineness of the transfer by the grain company to appellant of its claim for damages against appellee Pafford. On this issue the court charged the jury as follows: "You are instructed that the undisputed evidence in this case shows that at the institution of this suit J. L. Pafford was a citizen of Armstrong county, Tex. Now, if you believe from the evidence in this case that the Howe Grain & Mercantile Company made a bona fide assignment of the account sued on to J. T. McCoy, and guaranteed the payment thereof, then J. T. McCoy, the assignee of said account, has the right to sue both the principal debtor, J. L. Pafford, and the guarantor in the same suit in Grayson county, Tex., and, if you so believe, you will find against J. L. Pafford on his plea of special privilege and so state in your verdict. On the other hand, if you believe from the evidence in this suit that the transfer of said account was fictitious, fraudulent, and not made in good faith on the part of said parties to said transfer, and was made for the purpose of conferring jurisdiction on the county court of Grayson county, * * * then, in that event, you will find in favor of the defendant J. L. Pafford on his plea of special privilege, and so say and state in your verdict; and, in case you find in favor of the defendant J. L. Pafford on his plea of special privilege, you will not consider the case any further." In connection with this charge, as stated, appellant McCoy requested the following special charge: "Gentlemen of the jury: You are instructed that in passing upon the defendant Pafford's plea of special privilege that it makes no difference what the intention of the Howe Grain & Mercantile Company was in making the transfer of the claim sued on in this case to plaintiff. If the plaintiff bought the same in good faith he would have the right to sue in this court, and if you believe he did so purchase same, then you will find against the defendant Pafford on his plea of privilege." This special charge was refused by the court, and we think such refusal was error.

[1] The right to sue a defendant out of the county of his residence on transfer of claims similar to the one proven in this case is undisputed, and the law applicable thereto is nearly so. The statement of the principle of law seemingly most favored is that announced by the Supreme Court of the United States in Crawford v. Neal, 144 U. S. 585, 12 Sup. Ct. 759, 36 L. Ed. 552, where it is said: "If the transfers of the judgment to the complainants were fictitious, the plaintiffs therein continuing to be the real parties in interest, and the complainant but a mere nominal party, his name being used only for the purpose of jurisdiction, then the objection to the jurisdiction of the circuit court would be well taken, but if the transfers were absolute, and the judgment creditors parted with all their interest for good consideration, then the mere fact that one of the motives of the purchase may have been to enable the purchaser to bring suit in the United States court would not be sufficient to defeat the jurisdiction." This doctrine is the rule in our courts upon similar questions as stated in Kennedy T. & I. Co. v. First State Bank, 136 S. W. 561, in which opinion all cases decided in this state bearing on the question are collated and cited by Mr. Justice McMeans. The question raised by the assignments, however, does not dispute the rule nor the right to have the issue of the genuineness of the transfer submitted to the jury, but complains that the court's charge was erroneous, in that it required the jury to find that both appellant McCoy and appellee Howe Grain & Mercantile Company were acting in good faith, and ignored and failed to submit to the jury the bona fides of appellant. The requested charge clearly submitted this issue, and it seems to us that the refusal to give such charge, or its equivalent, is substantial error. The jury may have believed that McCoy bought in good faith and at the same time been of opinion that the grain company was not selling in like good faith. This is emphasized by the fact that McCoy testified to the absolute genuineness of the transfer and purchase by him without any fact or circumstance tending to contradict same other than the family and business relationship of the parties, the narrow margin of profit which McCoy was to receive from the account when collected from Pafford, etc. We do not mean by this reference to the testimony to indicate our views as to its sufficiency or insufficiency, but to illustrate the point that the jury might have thought that McCoy, believing he was taking no chances by the purchase, since the grain company had guaranteed same and agreed to pay his attorney's fees and discount the claim for a small amount, did in truth buy in good faith, but that the grain company acted in the transaction for the sole purpose of securing any advantage that might accrue by being able to proceed against Pafford in its home county. In the case of Vaughn v. Merchants' National Bank, 126 S. W. 692, involving a like point, it was said: "If the bank (which had bought a claim from one Leach against Vaughn and sued the latter out of the county of his residence) or its officers at the time acted in good faith, its right of recovery against Leach cannot be denied on the ground that Leach himself (or in this case the grain company) may have had an undisclosed purpose of conferring jurisdiction upon the district court of Wise county in event a contest arose over the matter." So in this case, if McCoy bought in

good faith, any undisclosed purpose of the grain company to litigate the issue in Grayson county would not affect the right of McCoy to recover against the grain company, nor as a consequence his right to select the county court of Grayson county as the forum in which to sue. Conceding the correctness of the foregoing, it follows that the court should have submitted to the jury the bona fides of McCoy in the transaction, independent of the motives that prompted the grain company. It is conceivable that the grain company had but one purpose in mind, and that the desire to litigate the differences between itself and Pafford in Grayson county and was willing to guarantee the outcome to McCoy, and might have believed that the agreement to pay McCoy's attorney's fees and to discount the claim the small amount it did was preferable to the disadvantages of suing in the distant county of Armstrong, with the necessary expense attendant thereon; while, on the other hand, as we have endeavored to show, McCoy may have had no such motive, but did, as he testifies, buy the claim in utmost good faith; and for the reasons indicated it seems to us he was entitled to have his good faith submitted to the jury without reference to the good faith of the grain company.

[2] Since the case will be reversed for failure to give the special charge requested, it is proper to say that the court should have told the jury that, if there was a bona fide sale of the claim, the mere fact that one of the motives of the purchase may have been to enable McCoy to sue in Grayson county would be insufficient to defeat jurisdiction in that county, but, of course, there must have been an absolute sale of the claim.

Appellant's sixth assignment of error complains of the action of the court in instructing a verdict for the railroad defendants, and asserts that there was testimony sufficient to authorize the submission of their liability to the jury; and the eleventh assignment complains that the finding in favor of the railroads was error, and should have been set aside by the court for the reason that, having found for appellee Pafford on his plea of privilege, the liability of the carriers could not be determined until an appeal from such finding had been settled, and the ultimate forum for the trial of the issues determined. In respect to this issue the record does not sustain the claim that testimony was adduced sufficient to authorize the submission to the jury of the liability of the carriers. The statement of facts does not purport to give the testimony relating to the negligence of the carriers in transporting the hay, and hence we are without any proven facts upon which to predicate a conclusion in that particular. The record does contain a statement by the trial judge that the evidence "showed that the hay was not well cured, and that was

the cause of the damage to the hay, * * * and that the cars in which (it) was shipped * * * were in good condition almost and that the damage to the hay was not caused by defective cars," etc. This, of course, is but the conclusion of the trial judge upon the proven facts.

[3] Whether such a conclusion is fairly deducible from the testimony we are unable to say in the absence of the testimony, but that we must indulge that presumption is well settled. Kimball v. Houston Oil Co., 100 Tex. 336, 99 S. W. 852. But appellant urges that in a trial before jury the trial judge is not authorized to file conclusions of fact.

[4] Conceding the correctness of the claim would render us no assistance, nor make it possible to review the testimony, for then we would be without either statement or conclusion of facts, and would be compelled to indulge every presumption necessary to sustain the action of the court.

[5] Nor do we think there was error in directing the jury to return a verdict for the railroad defendants on the second ground assigned. There is an entire absence of testimony in the record fixing negligence against said defendants, and, in such cases the rule is well settled that it is the duty of the court to instruct a verdict.

[6] We can find nothing in articles 1832 and 1833, R. S. 1911, defining what shall be done where pleas of privilege are sustained that changes the rule. It would appear to us a needless and unnecessary burden and expense to compel a litigant who upon trial was shown not to be at fault to again present his defense in another and distant forum as a result of a change of venue between other defendants. Appellant's cause of action against the carriers was separate and distinct from that asserted against appellee Pafford, and, if as the record imports there was an entire want of testimony to sustain the cause against them, it was proper to direct the jury to return a verdict in their favor in any event.

[7] We think the admission in evidence before the jury of appellee Pafford's sworn plea of privilege was harmless and immaterial, since the record shows that it was admitted that the court had jurisdiction of Pafford only in the event the transfer to McCoy was genuine, which issue was specially submitted to the jury. We are not to be understood, however, as approving the admission of the same for the purpose of establishing the truth of its allegations.

The brief of appellant contains a number of other assignments of error, all of which have been carefully considered; but, in view of another trial, the errors complained of will probably not occur.

The verdict of the jury and judgment of the trial court as between all parties other

than the railroad companies is reversed and cause remanded for another trial; as to the several railroad companies it is affirmed.

Reversed and remanded in part. Affirmed in part.