McFADDEN, WEISS, KYLE RICE MILLING CO. v. ARDIS. (No. 7152.)

(Court of Civil Appeals of Texas. Dallas. April 25, 1914.)

VENUE (§ 27*) — PRIVILEGE OF DEFENDANT — ASSIGNMENT OF CLAIM.

Where a claim for breach of contract was assigned to plaintiff for a valuable consideration, his assignor guaranteeing payment, the denial of defendant's plea of privilege to be sued in the county of its residence, rather than that of the residence of plaintiff and his assignor, was not error.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 41; Dec. Dig. § 27.*]

Appeal from Kaufman County Court; James A. Cooley, Judge.

Action by L. H. Ardis against the McFadden, Weiss, Kyle Rice Milling Company and another. From a judgment for plaintiff, the named defendant appeals. Affirmed.

Bumpass & Crumbaugh, of Terrell, for appellant. Bond & Bond, of Terrell, for appellee.

### Conclusions.

RAINEY, C. J. Appellant, a corporation, whose office and place of business was in Beaumont, Jefferson county, Tex., contracted with J. M. Carter, a resident citizen of Kaufman county, Tex., to ship him from Beaumont ten cars of bran. Eight cars were shipped by appellant to Carter, but appellant refused to ship the two remaining cars, and Carter claimed damages in the sum of $110, which appellant refused to pay, claiming that the eight cars contained the amount contracted for. Carter transferred his claim against appellant for a valuable consideration to L. H. Ardis, also a citizen of Kaufman county, and guaranteed the payment of the claim.

Ardis brought this suit in Kaufman county against J. M. Carter and appellant on said claim. Appellant interposed a plea of privilege to be sued in the county of its residence, which is Jefferson, and pleaded subject to said plea of privilege that it had complied with the terms of said contract.

A trial was had before the court without a jury, and a judgment rendered by the court overruling said plea of privilege, and against appellant and Carter for the amount of said claim. The milling company alone appeals.

1. We conclude on the plea of privilege that, the lower court having found that Carter transferred the claim to Ardis for a valuable consideration, and that he had guaranteed its payment, we do not feel justified in the state of the evidence in holding that he committed error. McCoy v. Pafford, 150 S. W. 968.

2. On the merits of the case we conclude that the evidence warrants the rendition of judgment in favor of plaintiff, and it is affirmed.