### ROGERS v. CITY OF FORT WORTH.
(No. 11140.)

(Court of Civil Appeals of Texas. Fort Worth. April 18, 1925. Rehearing Denied May 23, 1925.)

1. **Judgment ☒199(1), 256(1)—Must ordinarily be entered in conformity to verdict or set aside; contrary judgment may be entered, where verdict not supported by evidence or pleading.**

Judgment of trial court must be entered in conformity with verdict, whether verdict be general or special, and court is without power to do more than set aside verdict and grant new trial, unless verdict is without support in evidence and in pleadings of party in whose favor it is rendered, in which case contrary judgment may be entered.

2. **Master and servant ☒258(6)—Allegation held sufficient against general demurrer to charge city with negligence of foreman as its vice principal.**

In action against city for personal injuries, allegation that foreman in charge of plaintiff was city's foreman, agent, and employé, and that city, through him, was guilty of negligence in matters complained of, was sufficient as against general demurrer to charge city with negligence of foreman as its vice principal.

3. **Master and servant ☒297(2)—Findings of jury held not contradictory.**

In action against city for personal injuries, jury's finding that foreman did not know of dangerous condition of ditch was not contradictory to finding that foreman was negligent in directing plaintiff to work in ditch, since latter finding may be predicated on implied finding that foreman should have known of dangerous condition.

4. **Appeal and error ☒930(3)—Plaintiff waives allegation of service of notice of claim of damages by failure to request submission of issue.**

In action against city for personal injuries, plaintiff, alleging timely notice of claim for damages to board of commissioners, required by charter, waives that allegation, without proof of which he cannot recover, by failing to submit issue to jury, and is not in position to ask judgment in his favor either in trial or appellate court.

5. **New trial ☒91—Should be granted where plaintiff has waived allegation of service of notice of claim.**

In action for personal injuries against city, wherein plaintiff alleged service of timely notice of claim on commissioners, which was required by charter, but waived allegation by failing to request submission of that issue, without which there could be no recovery, it was duty of court to grant new trial after setting aside verdict for plaintiff on ground of inconsistency of special findings.

6. **Appeal and error ☒907(3)—Rule that every presumption indulged to support judgment, in absence of statement of facts, inapplicable, where record shows error.**

Rule that, in absence of statement of facts, every presumption will be indulged to support judgment is only indulged when record fails to show error.

7. **Jury ☒34(3)—Judgment non obstante veredicto denies constitutional right of jury trial.**

Affirmance of judgment for defendant notwithstanding verdict for plaintiff, where latter's pleadings would support recovery and court's authority was therefore limited to vacating verdict and granting new trial, would deny right of trial by jury, which is guaranteed by state and federal Constitutions.

Appeal from District Court, Tarrant County; H. S. Lattimore, Judge.

Suit by Jess Rogers against the City of Fort Worth. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Houtchens, Clark, Harrington & Briggs, of Fort Worth, for appellant.

R. E. Rouer and Gillis A. Johnson, both of Fort Worth, for appellee.

DUNKLIN, J. Jess Rogers instituted this suit against the city of Fort Worth to recover damages for personal injuries which he alleged were caused by the negligence of the defendant, acting through its duly authorized agent and representative, Jim Williams, in

☒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

directing him to go into an open ditch for the purpose of digging it deeper, and the walls of which caved in on him and injured him while he was doing the work directed.

Plaintiff further alleged that said Williams was present at the time plaintiff was working in the ditch, and, before the walls caved in, discovered the immediate danger of such cave-in and the perilous situation of plaintiff by reason thereof, and negligently permitted him to remain in the ditch without warning him of the danger to which he was then exposed.,

Upon the trial of the case judgment was rendered in favor of the city of Fort Worth, and Rogers has appealed.

The case was tried before a jury on special issues. In answer to such issues the jury found that the ditch alleged in plaintiff's petition caved in upon him while he was engaged in working in it under the direction of Jim Williams, the defendant's foreman in charge of the work; that as a result of the cave-in plaintiff sustained injuries, the damages for which the jury fixed at $2,000. The jury further found that Jim Williams knew of plaintiff's presence in the ditch at the time of his injury, but did not know of the dangerous condition of the ditch at the point where it occurred prior to the cave-in. The jury further found that Jim Williams was negligent in directing the plaintiff to work in the ditch, which negligence was the proximate cause of plaintiff's injury, and that the cave-in was not an event naturally, ordinarily, and reasonably incident to the work which plaintiff was employed to do, and that plaintiff was not guilty of contributory negligence in undertaking the work and being engaged in the performance of it at the time the cave-in occurred. There was also a finding that the defendant was guilty of negligence in failing to brace the walls of the ditch at the point where the cave-in occurred prior to the time plaintiff was directed to do the work.

After the verdict was returned into court, the judge overruled plaintiff's motion for a judgment on the verdict, and sustained defendant's motion to set aside the verdict. The court also sustained defendant's motion for a judgment in its favor, notwithstanding the verdict. The motion of defendant last referred to was for "the court to enter judgment in favor of said defendant in accordance with the answers of the special issues returned into open court by the jury in the said cause."

The judgment rendered by the court contains recitals of the submission of the case to the jury on special issues, the return of their verdict in answer thereto, their discharge without objection from either party, the presentation of the motion of defendant to set aside the special finding of the jury, and continuing as follows:·

"And it appearing to the court upon examination of said findings that the same are inconsistent and in hopeless conflict, and so contradictory as to constitute no findings or verdict whatsoever upon which a judgment could be based, and that, taking into consideration all the circumstances surrounding the trial, evidence adduced, pleadings read, and instructions given, it is impossible to ascertain the intent of the jury herein, and the said motion of the defendant to set aside said special findings having been in all things granted, and the said special findings having been heretofore set aside by the court on the 24th day of March, A. D. 1924, and thereafter came on to be heard the motion of the defendant herein for judgment, and the said motion having been duly presented and heard, and it appearing to the court that the law and facts in this case are for the defendant, and that the plaintiff ought not to recover anything as against the said defendant, but that said defendant should go hence without day with his costs, it is therefore, considered, ordered, adjudged, and decreed that the plaintiff Jess Rogers, take nothing," etc.

[1] In Heimer v. Yates, 210 S. W. 680, by the Supreme Court, the following was said:

"It is definitely settled that the judgment of the trial court must be entered in conformity with the verdict, whether the verdict be correct or not; the court under the statute being without authority to enter judgment non obstante veredicto. Houston & Texas Ry. Co. v. Strycharski, 92 Tex. 1, 37 S. W. 415; Henne & Meyer v. Moultrie, 97 Tex. 216, 77 S. W. 607. This rule is applicable alike to general and special verdicts. The facts held by the court to create an estoppel were not found by the jury. The submission of the issue of estoppel was requested by defendant and refused. If it be conceded that under the facts the court should have peremptorily instructed the jury to find for defendant, this was not done. Having submitted the case to the jury, the court was without authority to render judgment for defendant, notwithstanding the verdict; the limit of the power of the court under such circumstances being to set aside the verdict and grant a new trial. Article 1990, R. S. 1911; Fant v. Sullivan [Tex. Civ. App.] 152 S. W. 515."

Numerous other authorities might be cited to the same effect as the above decision, but we deem it unnecessary so to do, in view of the fact that the rule is so well settled.

The only exception to the rule, so far as we have been able to discover, is that, if the verdict of jury is without support in the evidence and also in the pleadings of the party in whose favor it is rendered, then the court may disregard it and enter a judgment contrary thereto. Such was the holding of the Supreme Court in the case of Johnson v. Breckenridge-Stephens Title Co., 257 S. W. 223.

No statement of facts has been brought up from the trial court, and hence we cannot know whether or not the evidence was sufficient to support the verdict of the jury, but no attack was made upon it by the defendant except that it was "contrary to law and

evidence," and the order of the court sustaining the motion to set aside the verdict shows that the motion was granted because the findings of the jury were so inconsistent and contradictory as to constitute no verdict at all. However, even though the record contained a statement of facts which showed that the verdict was without support in the evidence, nevertheless, under the statutes and decisions referred to, the court was without power to do more than set aside the verdict and grant a new trial of the cause, since the plaintiff's pleadings were sufficient to support a recovery.

[2] The allegation that Jim Williams was defendant's foreman in charge of the work, and its agent, servant, and employé in charge of plaintiff, and that through Williams, its foreman, agent, and employé, the defendant was guilty of negligence in the matters complained of, was sufficient as against a general demurrer to charge defendant with the negligence of Williams as its vice principal.

[3] The finding by the jury that Williams did not actually know of the dangerous condition of the ditch at the time he directed plaintiff to go into it does not preclude or contradict the further finding that in the exercise of ordinary care he should have known it, which finding is to be implied from the finding of negligence in sending plaintiff to work in the ditch and in not bracing its walls.

[4, 5] The issue whether or not plaintiff gave to defendant's board of commissioners notice of his claim for damages within 30 days after he sustained his injury, as provided by section 4, chapter 13, of the special charter of the city, and which plaintiff alleged was done, was not submitted to the jury, nor does it appear that plaintiff requested that that be done. Under such circumstances plaintiff must be held to have waived that allegation, without proof of which he could not recover; and, in view of that waiver, he is in no position to say that judgment should have been rendered in his favor on the verdict, or that this court should grant him that relief. G., H. & S. A. Ry. v. Price (Tex. Com. App.) 240 S. W. 524; Tex. City Transp. Co. v. Winters (Tex. Com. App.) 222 S. W. 541; Pub. Service Co. v. Tracy (Tex. Civ. App.) 221 S. W. 637. But, notwithstanding plaintiff's waiver of his allegation of such prior notice of his claim for damages, it was still the duty of the trial court to grant a new trial after the verdict was set aside, as settled by the authorities cited above.

[6] Appellee invokes the rule that, in the absence of a statement of facts, every reasonable presumption will be indulged to support the judgment, and in that connection the argument is made that this court, in the absence of a statement of facts, should presume that plaintiff failed to sustain any of the charges of negligence, or any other fact necessary to his recovery, and should therefore affirm the judgment. Following are some of the authorities cited; Sullivan-Sanford Lumber Co. v. Cline (Tex. Civ. App.) 114 S. W. 175; McCoy v. Pafford (Tex. Civ. App.) 150 S. W. 968; Schneider v. Schneider (Tex. Civ. App.) 118 S. W. 789; Robertson v. Lee (Tex. Civ. App.) 230 S. W. 730.

[7] But, as said in Letot v. Peacock (Tex. Civ. App.) 94 S. W. 1121, which is another of the cases cited by appellee, such a presumption is indulged only when the record fails to show error, and it cannot be indulged when the record shows that the judgment does not conform to the verdict. Moreover, to sustain appellee's contention last noted would be to deny to plaintiff the right of trial by jury, which is guaranteed to him by the state and federal Constitutions as well as by statute. Slocum v. New York Life Ins. Co., 228 U. S. 364–428, 33 S. Ct. 523, 57 L. Ed. 879, Ann. Cas. 1914D, 1029.

For the reasons noted, the judgment of the trial court is reversed and the cause is remanded.