**WHITEFIELD v. WHITEFIELD et al.**

No. 2218.

Court of Civil Appeals of Texas. Waco.
March 7, 1940.

Rehearing Denied May 23, 1940.

Mark Smith and Lem Wray, both of Waxahachie, for appellant.

J. C. Lumpkins and Hancock & Hancock, all of Waxahachie, for appellees.

TIREY, Justice.

This suit involves the probate of a written will not produced in court. The will was admitted to probate in the county court. On appeal to the district court, the cause was tried before a jury and on the verdict of the jury the will was admitted to probate. At the conclusion of the evidence, the contestant filed a motion for an instructed verdict. The court overruled said request and this action of the court is assigned as error.

The evidence is uncontradicted on the following facts: That testator, G. H. Whitefield, was a bachelor; that he was a resident of Ellis County, Texas, and that he died June 3, 1938; that on or about August 16, 1933, he employed the Hon. Lynn B. Griffith to prepare a will for him; that said written will was prepared by Mr. Griffith and that testator executed the will in the presence of Mr. Griffith and C. D. Teutsch; that after said will was executed and witnessed by Mr. Griffith and Mr. Teutsch, that Mr. Griffith folded the will and placed it in an envelope and sealed it and delivered it to the testator and that he had never seen the original since he placed it in the envelope and sealed it and delivered it to the testator; Mr. Teutsch, the other subscribing witness to the will of date August 16, 1933, had died sometime subsequent to the execution of said instrument. Mr. Griffith kept a copy of the will for his files and after the death of G. H. Whitefield, he delivered the copy of said will, on June 25, 1938, to the attorney for G. H. Whitefield estate; that G. H. Whitefield was living in the home with his mother during the year 1932; that during the year 1932 his mother became ill and died in November of that year; that during the last illness of the mother of the testator, she was attended by Miss Essie Clinkscales, who

348

assisted in nursing and caring for her. Miss Clinkscales was a single woman and was engaged to be married to the testator. The contestant, in his motion for an instructed verdict, admitted that the testator, at the time of executing said alleged will (which was August 16, 1933), was of sound and disposing mind and memory.

The proponents undertook to account for the will made on August 16, 1933, by showing that the testator delivered it to Miss Essie Clinkscales, who was not a beneficiary under the will of August 16, 1933; she was placed on the stand by the proponents and testified substantially that during the month of November, 1932, a week or more prior to the death of the testator's mother, that the testator delivered to her two envelopes, one of which was sealed and one unsealed; that in the unsealed envelope "was some duplicates for ordering." The sealed envelope was a large envelope and it had the word "will" written on the outside of it with pencil. She never opened the sealed envelope and did not know what it contained except that she could tell by holding it up and looking at it that it had a slip of paper in it; that she kept the sealed envelope until she lost or missed it on a trip that she made to San Antonio after the death of the testator; that when the testator gave the envelopes to her, he said: "There were some papers he wanted me to keep for him. He did not say it was a will." She further testified that testator did not give her any other instrument or papers other than those he delivered to her in November, 1932, and that she never saw the will dated August 16, 1933, and that she knew nothing about it and that she did not destroy the sealed envelope that the testator gave to her, but that she lost it.

The proponents undertook to contradict the testimony of Miss Clinkscales as to the time the sealed envelope was delivered to her by the testator. The testimony offered by them on this point was wholly circumstantial. Mr. Griffith testified that it was. his best recollection that the sealed envelope which contained the will of August 16, 1933 that he delivered to the testator had on it the name of Farrar & Griffith or Lynn B. Griffith; that the word "will" was written on the outside of the envelope in one corner with a typewriter; it was Miss Clinkscales' best recollection that the word "will" written on the sealed envelope given to her by the testator in 1932 was written with pencil. She did not remember whether said envelope had on it the name of Farrar & Griffith or Lynn B. Griffith.

Mr. J. Franklin Spears, an attorney, of San Antonio, Texas, testified that Miss Clinkscales consulted him in his office in San Antonio in the month of May, 1938, while the testator was in the State Hospital at San Antonio, and that on this particular visit Miss Clinkscales said: "She stated to me that Mr. Whitefield was considerably upset because his brother had had him placed in the State Hospital, and that Mr. Whitefield had requested her to tear up the will which she had in her possession. She asked me what to do about it; and I said, 'Well, if he made the will and gave it to you, and has requested you to destroy it, I see no reason why you should not comply with his request.'"

Mr. Spears further testified: "I remember that she had something in her hand, which as I recall, purported to be the will. I did not read it, nor did I see it, * * *." Mr. Spears further testified: "I did not read any writing or printed matter on the envelope."

■■ There is no direct testimony that the will of date August 16, 1933, was ever seen by anyone after it was sealed and delivered by Mr. Griffith, the scrivener, to the testator; there is no direct testimony that the sealed envelope containing the will of August 16, 1933 delivered by Mr. Griffith to the testator was the sealed envelope that was delivered by the testator to Miss Clinkscales. The contestant seriously contends that the facts are uncontroverted that the will in question was last seen in possession of the testator and since the evidence is uncontroverted that it could not be found, such facts raised the presumption that the testator had revoked the same by destroying it and that the proponents had not carried their burden. This contention must be sustained. Chief Justice Gaines, in McElroy v. Phink, 97 Tex. 147, 76 S.W. 753, 754, laid down the rule which, we think, has been followed in Texas. He said: (1) "When the will cannot be produced, but its execution and contents are proved, and it is shown that when last seen it was in the custody of the testator, the presumption being that he has destroyed it with intent to revoke it, the presumption of

continuity is rebutted; and, in the absence of some other evidence, the proponent must fail in his case." (2) "But no such presumption of revocation arising from the failure to produce the will when it has been traced to the hands of another than the testator, and cannot be found, the first presumption should prevail, and the evidence should be held sufficient at least to warrant a finding that the will had not been revoked."

Judge Baugh, in the case of Aschenbeck v. Aschenbeck, Tex.Civ.App., 62 S.W.2d 326, 327, stated the foregoing rule substantially as follows: "The general and recognized rule is that, where such will was in the possession of the testator or where he had ready access to it when last seen, failure to produce it after his death, raises the presumption that the testator has destroyed it with intention to revoke it, and the burden is cast upon the proponent to prove the contrary."

We are of the opinion that the direct evidence shows that the will of date August 16, 1933 was in the possession of the testator when it was last seen. We are also of the opinion that there is no direct evidence that the testator delivered the will of August 16, 1933, into the hands of the witness Clinkscales. The question therefore arises, Does the evidence raise the issue, by facts and circumstances, that the testator delivered the will of date August 16, 1933, into the hands of the witness Clinkscales for safekeeping? The trial court, in his main charge, submitted the question to the jury in this manner: "No. 4. Do you find from the preponderance of the evidence, if any, that the said G. H. Whitefield, deceased, delivered said will bearing date August 16, 1933, if any, into the custody of the witness Miss Essie Clinkscales?" To which the jury answered in their verdict: "Yes."

The court has carefully considered the foregoing matter, and we are of the opinion that said fact issue was not raised by the evidence and that there is no testimony to sustain the finding of the jury in its answer to said question. In the case of Parks v. St. Louis S. W. R. Co. of Texas, 29 Tex.Civ.App. 551, 69 S.W. 125, point page 127, we find this general rule: "Whenever circumstantial evidence is relied upon to prove a fact, the circumstances must be proved, and not themselves presumed. No presump-

tion can be drawn from a presumption. If there be no fixed or ascertained fact from which the inference of another fact may be drawn, the law permits none to be drawn from it." In the recent case of International Travelers' Ass'n v. Bettis, 120 Tex. 67, 35 S.W.2d 1040, 1044, our present Supreme Court said: "A presumption of a fact cannot rest upon a fact presumed." Texas Jurisprudence states the rule as follows: "A presumption of fact can not rest upon a fact presumed, or, in other words, one presumption can not be based upon another presumption, nor an inference of fact upon other inferences." 17 Tex.Jur. p. 247, § 57. The rules above stated are general, but we believe they are applicable and controlling in this case. The proponents offered Miss Clinkscales as their witness and they thereby vouched for her credibility and they are, under the well recognized rule, bound by her testimony. See Pickett v. Dallas Trust & Savings Bank, Tex.Com.App., 24 S.W.2d 354, point page 357. However, there is a well recognized exception to the foregoing rule, and that is that the party offering the witness is permitted to contradict the testimony of such witness by independent facts showing its inaccuracy or falsity. See South Texas Coaches, Inc., v. Eastland, Tex. Civ.App., 101 S.W.2d 878, point page 884. The question arises, Is there any testimony in this record of a fixed or ascertained fact to contradict the direct testimony of the witness Clinkscales that the sealed envelope that the testator delivered to her was delivered to her in the month of November 1932? Moreover, where is the testimony in this record of a fixed or ascertained fact from which the inference can be drawn that the sealed envelope delivered by the testator to the witness Clinkscales contained the will of date August 16, 1933? We are unable to find it. The proponents undertake to probate a will not produced in court, executed on August 16, 1933, and of course that will could not have been delivered by the testator to the witness Clinkscales in November, 1932. After a careful consideration of this testimony, we are of the opinion that it did not raise the fact issue that G. H. Whitefield delivered the will dated August 16, 1933, into the custody of the witness Miss Clinkscales, and that there is no evidence in this record to sustain the jury's finding that he did. We therefore hold that

proponents have not carried the burden imposed on them by law, and that the judgment of the trial court must be reversed. See Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059, point page 1063. Under the rule announced in Lanford v. Smith, 128 Tex. 373, 99 S.W.2d 593, point page 594, we do not feel that we can say that this case has been fully developed, and by reason thereof, we reverse and remand this cause for another trial.

The judgment of the trial court is reversed and the cause remanded.