**WHITEFIELD et al. v. WHITEFIELD et al.**
No. 2402.

Court of Civil Appeals of Texas. Waco.
March 12, 1942.

Rehearing Denied April 2, 1942.

Lumpkins & Lumpkins and Hancock & Hancock, all of Waxahachie, and Tom Garrard, of Tahoka, for appellants.

Irwin T. Ward, of Cleburne, and Mark Smith and Lem Wray, both of Waxahachie, for appellees.

RICE, Chief Justice.

This is an action to probate the will of G. H. Whitefield, dated August 16, 1933, not produced in court, alleged by proponents to have been lost or destroyed, and last seen in the custody of another than deceased. From an adverse judgment, proponents have appealed.

On a prior appeal to this court, this cause was reversed and remanded because proponents had not rebutted the legal presumption that the testator had destroyed his will with the intention of revoking it, raised by reason of the fact that the will was last seen in the possession of testator. Whitefield v. Whitefield, Tex.Civ.App., 140 S.W.2d 347.

On this trial the jury found, in answer to special issues submitted by the court: (1) G. H. Whitefield, on or about August 16, 1933, executed a will; (2) the contents of said will were the same as those contained in the copy introduced in evidence; (3) G. H. Whitefield did not put his will dated August 16, 1933, into the possession of Essie Clinkscales; (4) testator destroyed said will, for the purpose of revoking it; (5) he had testamentary capacity at the time he destroyed the will.

Proponents predicate this appeal on the contention that the judgment is without support in the evidence; and on the further contention that the trial court did not submit to the jury an ultimate issue of fact, raised by the pleadings and the evidence. One of the ultimate and controlling fact issues, they assert, was: "Did Miss Essie Clinkscales obtain possession of the will of August 16, 1933, prior to the death of testator?" and the corollary issue: "Was such will thereafter lost or destroyed by Miss Clinkscales, or some person other than the testator?" They further contend that the issue submitted by the court as to whether or not the deceased put the will of August 16, 1933, into the possession of Miss Clinkscales, ignored an issue made by the pleadings and the evidence; was on the weight of the evidence, was too restrictive on their rights and defenses, and placed a greater burden on them than that imposed by law.

Proponents timely excepted to the court's charge for the reasons above set forth, and submitted to the court special issues in line with their contentions. These exceptions were overruled; and the special issues requested were refused, to all of which proponents timely excepted.

Proponents pleaded that the original will was in the possession of Misses Lola and Essie Clinkscales prior to and at the time testator, under order of the Probate Court of Ellis County, was, in December, 1937, sent to the San Antonio State Hospital at San Antonio, Texas; and was still in their possession while testator was a patient in such hospital, where he remained until his death in June, 1938; and was thereafter lost or destroyed.

Proponents' theory of the case is that Miss Essie Clinkscales obtained possession of the will in question the latter part of the year 1937 by going to testator's home, in his absence; that she retained possession thereof until after his death, and subsequently lost or destroyed it. They further contend that this theory is supported by the pleadings and the evidence.

That G. H. Whitefield, possessed of testamentary capacity, on August 16, 1933, executed a valid written will, duly attested as required by law, as not disputed. The ultimate disputed fact issues, determinative of the rights of the parties to this law suit are: (1) Did deceased, with the intention of revoking it, destroy the will in question; (2) if so, did deceased, at the time he destroyed said will, possess testamentary capacity?

Because of the views hereinafter expressed, we deem it unnecessary to decide whether the issues requested by proponents and refused by the court were proper issues to have been submitted to the jury by the court if such issues had found support in the evidence. However, we seriously doubt that the issue requested inquiring whether Miss Clinkscales obtained possession of the will of August, 1933, during the lifetime of testator, is an ultimate fact issue. It rather occurs to us that such issue is evidentiary in character; or at least is but one of the component fact elements, which, together with other facts, made the ultimate disputed fact issue: Did deceased destroy the will in question with the intention of revoking it? The last issue above mentioned was submitted by the court and was answered by the jury adversely to proponents.

Let us assume for the purpose of this discussion, without so deciding, that if properly raised by both the pleadings and the evidence, the issue requested by proponents inquiring whether or not Miss Essie Clinkscales, during the lifetime of testator, obtained possession of the will of August 16, 1933, should have been submitted to the jury. Proponents' pleadings raised the requested issue, therefore our inquiry is confined to the sole question of whether or not the requested issue is supported by any evidence of probative force. We have carefully read and considered the statement of facts in this case, and have reached the conclusion that the action of the trial court in refusing to submit the requested issue to the jury was proper, because, in our opinion, there is no evidence to support such issue. It should be borne in mind that the jury found, in answer to an issue submitted to it, that testator did not put the will in question into the possession of the witness Essie Clinkscales. Therefore, the purpose of the requested issue was to elicit from the jury a finding on the question of whether the said Miss Clinkscales obtained possession of said will otherwise than being put into possession thereof by testator. Proponents frankly state their theory of the case to be that the witness Miss Essie Clinkscales obtained possession of the document in question about the time testator's mind became affected in the latter part of the year 1937, by going to testator's home, where he kept his private papers, in his absence; that she retained possession thereof until after his death, and subsequently lost or destroyed the will. Proponents contend that this theory is supported by the evidence.

We have been unable to find any evidence in the record establishing or tending to establish where G. H. Whitefield kept his will bearing date August 16, 1933, after the executed instrument was delivered to him by the attorney who drew it, except the evidence of J. W. Whitefield, a proponent, that at the latter's home in the summer before the health of his brother J. W. Whitefield became impaired, he saw his brother take the envelope containing the will from a little box, referred to by the witness as his brother's safety deposit box and as being the box he carried with

him when he came to spend the night. Where the box was ordinarily kept by the deceased, or what became of it after the occasion above mentioned, is not disclosed by the evidence; nor is there any testimony that after testator's death any character of search was ever made by any of the proponents, or anyone else, at testator's home or any other place, either for the will or the above-mentioned safety deposit box.

Proponents sought to establish that the alleged lost will was at all relevant times in the possession of Essie Clinkscales, and therefore the deceased could not have destroyed it with the intention of revoking it. To establish this contention they placed Miss Essie Clinkscales on the witness stand. She denied ever having possession of the will of August 16, 1933, sought to be probated. She did testify that the testator, in November, 1932, gave her a sealed envelope on which was written: "G. H. Whitefield" and "Will"; that she never broke the seal, and did not know whether such envelope contained a will or not. She testified that she lost this envelope shortly after testator's death. She further testified that at the suggestion of J. W. Whitefield she went to testator's home, in the fall of 1937, during his absence, to get "the papers", and did get a bundle of papers consisting of abstracts, deeds and checks. Having called Miss Clinkscales as their witness, proponents thereby vouched for her credibility, and they are bound by her testimony. Pickett v. Dallas Trust & Savings Bank, Tex.Com. App., 24 S.W.2d 354. It was permissible, however, for them to contradict her testimony by independent facts showing its inaccuracy or falsity. Whitefield v. Whitefield, Tex.Civ.App., 140 S.W.2d 347. Proponents argue that because witness admittedly went to deceased's home in the late fall of 1937 during his absence and got some of his papers, and because there was evidence from which it could be inferred that she had animus toward proponents, the jury could infer therefrom that she had, on such occasion, procured possession of the will of August 16, 1933. There is no evidence that such will was ever kept by deceased at his home. Witness' enumeration of the papers which she took on that occasion, by exclusion, amounts to a denial that the alleged will was among them.

There is no direct evidence that Essie Clinkscales ever had the will of August 16, 1933, in her possession. Therefore, a jury, in order to find that she did obtain possession of the will in question on such occasion, would necessarily have to: (1) presume that said will was then in deceased's home and accessible to witness; and (2) would have to further presume, based on the foregoing presumption, that witness did in fact take said will into her possession on such occasion. But, proponents contend their theory is fortified by evidence in the record of other circumstances tending to establish that Essie Clinkscales had possession of the will in question before and after testator's death. While this may be true, there is no direct evidence in the record that the envelope which Essie Clinkscales testified deceased gave her in November, 1932, contained the will of August 16, 1933. It would be permissible for proponents to establish their case by circumstantial evidence, but in doing so, they could not violate the rule: "Whenever circumstantial evidence is relied upon to prove a fact, the circumstances must be proved, and not themselves presumed. No presumption can be drawn from a presumption. If there be no fixed or ascertained fact from which the inference of another fact may be drawn, the law permits none to be drawn from it." Parks v. St. Louis S.W.R. Co. of Texas, 29 Tex.Civ.App., 551, 69 S.W. 125, 127; Whitefield v. Whitefield, Tex.Civ.App., 140 S.W.2d 347. This being true, we think there is no evidence of probative force in the record that such witness ever obtained possession of the will in question, other than being put in possession thereof by the testator himself. Therefore, the court having submitted to the jury the issue as to whether the deceased put the will of August 16, 1933, in witness' possession, and the jury having answered the issue in the negative, the court did not err in refusing to submit proponents' special requested issue as to whether or not witness obtained possession of the will in question prior to the death of G. H. Whitefield.

We have carefully considered each of appellants' assignments of error, and being of the opinion that they are without merit, each of said assignments is accordingly overruled. The judgment of the trial court is affirmed.