**TROTTER v. McLENNAN COUNTY WATER CONTROL & IMPROVEMENT DIST. NO. I.**

No. 3053.

Court of Civil Appeals of Texas. Waco.

Nov. 6, 1952.

Musick & Peters, Houston, Koehne & Jones, Waco, for appellant.

Sleeper, Boynton, Darden & Burleson, Waco, for appellee.

TIREY, Justice.

This is a negligence case. Appellant brought the suit against McLennan County Water Control & Improvement District No. 1 (a corporation), Joe E. Ward, J. D. George, R. A. Drain, and R. T. Swilling & Son. Pleas of privilege were sustained as to each of the defendants except the Water District, and the cause was moved to the respective counties of the residence of the other defendants named, leaving the case pending in the district court of Mc-Lennan County with appellant as plaintiff and the Water District as defendant. Appellant sought to recover damages alleged to have been sustained by him when the furniture, fixtures and stock merchandise located in his drug store in Bellmead, Texas, were damaged as the result of an explosion and fire which occurred on December 6, 1948. Appellant alleged and sought to show that the explosion and fire were the direct and proximate result of the negligence of the agents of the Water District in making certain improvements in and near plaintiff's store, and that such negligent acts of the agents broke or bent a gas pipe and caused the gas to leak into plaintiff's store where it was ignited by a water heater. The cause was tried to a jury and at the conclusion of plaintiff's evidence defendant filed and presented its

motion for instructed verdict on the grounds that the evidence was insufficient to establish agency and negligence and the court sustained this motion and rendered judgment in favor of the Water District, and plaintiff perfected his appeal.

Appellant's points 1, 2, 3 and 4 say in effect that having pleaded and tendered testimony on the issue of agency and negligence against appellee, the court erred in instructing a verdict against him. We overrule these contentions.

In 1947, Joe E. Ward, a consulting engineer of Wichita Falls, Texas, submitted the following proposal to the appellee:

"We propose to make all necessary surveys; prepare the plans and specifications; submit the plans and specifications to the required state approving agencies for their approval; and to furnish all necessary engineers, labor, equipment and materials to properly supervise the construction of the proposed water supply and water distribution system and sanitary sewer system and sewage disposal plant for the following fee: When the completed plans and specifications and an estimate of cost are presented to you, you will pay us three (3) per cent of the estimated cost of the improvements for making the surveys and preparing the plans and specifications; and for supervising the construction of the improvements, you will pay us a fee of three (3) per cent of the cost of the construction and materials on hand based on the contractor's estimate and payable monthly.

\*    \*    \*    \*    \*    \*

"If the above proposal is satisfactory to you, we would appreciate your so indicating by signing below, keeping two copies of this agreement and returning the others to us."

The appellee accepted this proposal and thereafter Ward prepared plans and specifications for the appellee in accord with the above contract. Subsequent thereto the appellee entered into a contract with J. D. George for the installation of the sewer line. (It appears that Swilling & Son had the contract for the construction of the water lines.) The president of appellee testified to the effect that Ward fixed the plans and specifications and that he employed his own men to do his work and paid them therefor and supervised and inspected all the work done by the original contractor and subcontractors on this job, according to the terms of the proposal that he submitted. J. D. George testified to the effect that he complied with his contract and that he employed his men and paid them therefor. Swilling & Son handled their contract in the same manner. As we understand appellant, he does not contend seriously that George and Ward and Swilling & Son were not independent contractors, but it is his contention that the contract specifically made these defendants agents of the Water District, and because it did make them its agents that the doctrine of respondeat superior applies in this case. As we understand appellant's brief, his contention is grounded on these provisions of the contract:

"Superintendence and Inspection: It is agreed by the contractor that the owner shall be and is hereby authorized to appoint from time to time such engineers, supervisors or inspectors as the said owner may deem proper, to inspect the material furnished and the work done under this agreement, and to see that the said material is furnished, and said work done in accordance with the specifications therefor. The contractor shall furnish all reasonable aid and assistance required by the engineers, supervisors, or inspectors for the proper inspection and examination of the work and all parts of the same. The contractor shall regard and obey the directions and instructions of any engineers, supervisors, or inspectors so appointed, when the same are consistent with the obligations of this agreement and the accompanying specifications; provided, however, should the contractor object to any order by any subordinate engineer, superintendent, or inspector, the contractor may within six (6) days make written appeal to the engineer for his decision. \*    \*    \*

"Right of Entry: The owner reserves the right to enter the property or location on which the works herein contracted for are to be constructed or installed, by such agent or agents as it may elect, for the purpose of supervising and inspecting the work, or for the purpose of constructing or installing such collateral work as said owner may desire. * * *

"Preliminary Approval: No engineer, supervisor, or inspector shall have any power to waive the obligations of this contract for the furnishing by the contractor of good material, and for his performing good work as herein described, and in full accordance with the plans and specifications. No failure or omission of any engineer, supervisor, or inspector to condemn any defective work or material shall release the contractor from the obligations at once to tear out, remove, and properly replace the same at any time prior to final acceptance upon the discovery of said defective work, or material; provided, however, that the engineer, his assistant, or inspector shall, upon request of the contractor, inspect and accept or reject any material furnished; and in the event the material has been once accepted by the engineer, his assistant, or inspector, such acceptance shall be binding on the owner, unless it can be clearly shown that such material furnished does not meet the specifications for this work.

"Any questioned work may be ordered taken up or removed for re-examination by the engineer prior to the final acceptance; and if found not in accordance with the specifications for said work, all expense of removing, re-examination, and replacement shall be borne by the contractor; otherwise the expense thus incurred shall be allowed as Extra Work and shall be paid for by the owner."

Appellant contends in effect that since the Water District had the right to supervise Ward's work and to inspect all of the work as it progressed, that the effect of these provisions created an agency relationship. We are not in accord with this view. We have examined the evidence very carefully and we see nothing that remotely tenders the issue of agency against the Water District in this cause. The Water District was a corporation and entered into separate contracts with Ward and George, each of whom, under the undisputed evidence, was an independent contractor. Evidence also discloses that Swilling & Son was an independent contractor. The Water District did not attempt to do any of the work that was to be done and it employed Ward to prepare the plans and specifications for the improvements that it proposed to do, and then under Ward's supervision it let the contract for such improvements and it was his job to see that the work was done in accord with the plans and specifications.

Much has been written on the subject of what constitutes an independent contractor. No rule is better settled than the one that the employer has the right to exercise that degree of control necessary to secure the performance of an independent contract without altering the status of the employer-independent contractor relationship. The late Justice Alexander of this court in R. E. Cox Dry Goods Co. v. Kellog, Tex.Civ.App., 145 S.W.2d 675, 679 (writ ref.) made this statement of the rule: "As we understand, an employer has a right to exercise such control over an independent contractor as is necessary to secure performance of the contract according to its terms and to accomplish the results contemplated thereby without thereby creating the relationship of master and servant, so long as the employer does not destroy the employee's power of initiation nor undertake to control the employee in the means and manner of the performance of the work." See cases there cited and also cases collated under Vol. 27, Tex.Dig., Master & Servant, ☞315, 316 and 318. Our Supreme Court has not modified this rule.

The record here shows without dispute that the Water District did not have the right to control the details of the work and that it did not attempt to do so. Such Dis-

738

trict was barely organized and had no employees of its own and no equipment and the improvements were in the hands of the contractor and had not been turned over to the Water District at the time that Trotter claimed he had his loss due to an explosion of gasoline in a gas pipe and the resulting fire.

■■ It is true that the evidence shows that there were some employees of Ward in the vicinity of Trotter's store doing some work on the day and afternoon, some few hours before Trotter had his explosion and the resulting loss, but these witnesses acquit themselves of any negligent conduct and there is no testimony in the record to show that any of the conduct of the employees on this construction job contributed or proximately contributed to the explosion and the resulting loss. Appellant had the burden to tender testimony to the effect that such was the case and in doing so he could not be aided by presumption. For statement of the rule see 30 Tex.Jur. 800, par. 127; Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059; Atchison, T. & S. F. Railway Company v. Toops, 281 U.S. 351, 50 S.Ct. 281, 74 L.Ed. 896; Atchison, T. & S. F. Railway Company v. Saxon, 284 U.S. 458, 52 S.Ct. 229, 76 L.Ed. 397; Emmons v. Texas & P. Railway Company, Tex.Civ.App., 149 S.W.2d 167; Lipscomb v. Houston Electric Company, Tex.Civ.App., 149 S.W.2d 1042; Smith v. Safeway Stores, Tex.Civ.App., 167 S.W.2d 1044; McCoy v. Pafford, Tex. Civ.App., 150 S.W. 968; Comet Motor Freight Lines v. Holmes, Tex.Civ.App., 175 S.W.2d 464; Texas & N. O. Ry. Co. v. Hancock, Tex.Civ.App., 134 S.W.2d 408; Cole v. Missouri-Kansas & Texas Ry. Co., Tex.Civ.App., 179 S.W.2d 343; Western Telephone Corp. v. McCann, 128 Tex. 582, 99 S.W.2d 895; Rankin v. Nash-Texas Company, 129 Tex. 396, 105 S.W.2d 195. However, our decision here is grounded primarily on the view that all the evidence introduced shows conclusively that the men on the job doing the work previous to the alleged explosion and fire were not in the employ of the Water District, but to the contrary were in the employ of an independent contractor. It is therefore our view that appellant wholly failed to show

that any of the contractors or any of the employees were agents of the Water District, and, having so failed, liability cannot be established against the Water District under the doctrine of respondeat superior. A correct statement of this doctrine is found in 29 Tex.Jur. 409, par. 241. It is:

"The basis of a master's liability for the acts of his servant is in the representative character with which the servant was invested by virtue of his employment, that is to say, the doctrine of respondeat superior. Now, to establish the responsibility of principal for his agent's tort, it is insufficient to show the relation of principal and agent and that the tort was committed in the course of execution of the agency. It must further be shown that the agent's authority, express or implied, extended to the commission of the wrong."

See also R. E. Cox Dry Goods Co. v. Kellog, Tex.Civ.App., 145 S.W.2d 675; Christopher v. City of El Paso, Tex.Civ.App., 98 S.W.2d 394; McCombs v. Stewart, Tex. Civ.App., 117 S.W.2d 869; Cunningham v. International Railway Co., 51 Tex. 503; Shannon v. Western Indemnity Co., Tex. Com.App., 257 S.W. 522; Restatement of the Law of Agency, Chap. 1, par. 2.

■■ Since all the witnesses tendered by Trotter testified to the effect that no negligent act or omission was committed at the time and on the occasion in question that contributed or proximately contributed to cause the explosion and fire complained of and the damages resulting therefrom and further testified to the effect that the persons whose conduct was complained of were not in the employment of the Water District at such time, appellant (having tendered the witnesses) is bound by such testimony and we think it is conclusive on him on the issue of negligence and agency against the Water District. For statement of this rule see 17 Tex.Jur. 928, par. 419; Texas Prudential Ins. Co. v. Turner, Tex.Civ.App., 127 S.W.2d 563; Whitefield v. Whitefield, Tex.Civ.App., 140 S.W.2d 347; Id., Tex.Civ.App., 160 S.W.2d 306; Pickett v. Dallas Bank & Trust Co., Tex. Com.App., 24 S.W. 354; Daugherty v. Lady,

Tex.Civ.App., 73 S.W. 837. We think that the instructed verdict given by the court is supported by another rule of law stated by Justice Gallagher in Dunlap v. Wright, Tex.Civ., 280 S.W. 276, point 6 on p. 279. The rule there stated is: " * * * when the evidence of an interested witness is direct and positive on the point at issue, and where there are no circumstances in the record tending to discredit or impeach his testimony, a verdict contrary thereto will be set aside, that such testimony will justify an instructed verdict, and that a judgment contrary thereto may be reversed and rendered." Our view is that the foregoing rule is applicable here as against the Water District. All of the testimony tendered is to the effect that the persons doing the work on the project previous to the explosion were not in the employ of the Water District, and there are no facts or circumstances in the record tending to discredit or impeach their testimony in this behalf. We think that the evidence, when considered in the light most favorable to appellant and with all reasonable inferences indulged in his favor, wholly fails to tender an issue as to any act or omission against the Water District that was or could be negligence and the proximate cause of the explosion and fire complained of and the resulting damage therefrom.

Accordingly, the judgment of the trial court is affirmed.

LESTER, C. J., took no part in the consideration and disposition of this case.