ATCHISON, TOPEKA & SANTA FE RY. CO. *v.*
SAXON, ANCILLARY ADMINISTRATOR.

No. 291.   Argued January 8, 1932.—Decided February 15, 1932.

.*Mr. A. H. Culwell,* with whom ·*Messrs. E. E. McInnis*
and *Wm. H. Burges* were on the brief, for petitioner.

*Mr. Winbourn Pearce* for respondent.

MR. JUSTICE MCREYNOLDS delivered the opinion of the
Court.

While employed as head brakeman by petitioner Rail-
way Company and engaged in interstate commerce, J. W.
Moore sustained fatal injuries at a New Mexico station.
His personal representative obtained a judgment for dam-
ages, under the Federal Employers' Liability Act, in a
Texas court.

The Court of Civil Appeals at El Paso reversed this,
holding that the evidence failed to show the accident
resulted from the carrier's negligence. The Supreme
Court.granted a writ of error, reversed the Court of Civil

Appeals and affirmed the original judgment. It concluded that, viewing all the evidence, there was enough to show negligence and causal connection between this and the death.

The matter is here by certiorari. The Railway sets up a claim under the federal statute which it has not heretofore had opportunity to submit for adjudication to any federal tribunal. The cause is one of a peculiar class where we have frequently been obliged to give special consideration to the facts in order to protect interstate carriers against unwarranted judgments and enforce observance of the Liability Act as here interpreted.

Examination of the record convinces us that the Court of Civil Appeals reached the proper conclusion. We can find no evidence from which it may be properly concluded that Moore's tragic death was the result of negligence by the Railway Company. As often pointed out, one who claims under the Federal Act must in some adequate way establish negligence and causal connection between this and the injury. *New York Central R. Co.* v. *Ambrose,* 280 U. S. 486; *Atchison, Topeka & Santa Fe Ry.* v. *Toops,* 281 U. S. 351, 354.

In the language of the Supreme Court the respondent " recovered in the trial court on the theory that the deceased, while in the discharge of his duties as a brakeman, was running along by the side of the track of the Railway Company and while doing so with the purpose and intent of boarding one of the cars in the train, he stepped in or upon some soft area or hole in his pathway, and was thereby caused to fall and be run over and killed."

Nobody saw the accident; no one can say with fair certainty how it occurred. Consistently with the facts disclosed, it might have happened in one of several ways and without causal negligence by the petitioner. When last seen the deceased was running westwardly by the side of the train, then moving in that direction. Across

the pathway commonly used by trainmen, there was a slight depression—estimated to be four or five, or possibly six or eight, feet long and three feet wide—filled with small rock screenings. It was softer than other portions of the way—yielded to the foot. Eight or ten feet west of this witnesses found blood upon the rail.

Two hours after the accident a fourteen year old boy discovered the mark of a shoe in the screenings. He said it "was deeper than the footprint that I made, it looked as though somebody that was heavy or running had stepped in it. The front part of the foot was deepest." There is no evidence—nothing but conjecture—to show that the deceased made this impression; and, even if he did, we cannot assume that by stepping there he was made to stumble and fall under the moving train.

What occasioned this distressing accident can only be surmised. It was necessary to show causal negligence in order to establish the respondent's right to recover. The evidence fails to meet this requirement.

The judgment below must be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed.*