## SAXON v. ATCHISON, T. & S. F. RY. CO.
### No. 1409—5601.

Commission of Appeals of Texas, Section A.
June 9, 1932.

Winbourn Pearce and Walker Saulsbury, both of Temple, for plaintiff in error.

Turney, Burgess, Culwell & Pollard, of El Paso, for defendant in error.

### CRITZ, J.

This case was presented in the district court of El Paso county, Tex., by Mack Saxon, administrator, etc., for J. W. Moore, deceased, for damages on account of said Moore having been killed while in the discharge of his duties as head brakeman for the defendant in error, Atchison, Topeka & Santa Fé Railway Company. Trial in the district court with a jury resulted in a verdict and judgment for Saxon. On appeal to the Court of Civil Appeals, that judgment was reversed and judgment rendered for the railway company. 21 S.W.(2d) 686. Saxon prosecuted writ of error to this court, which court, on the recommendation of this Section of the Commission, reversed the judgment of the Court of Civil Appeals and affirmed that of the district court. 36 S.W.(2d) 228; 38 S.W.(2d) 775.

As shown by the original opinion rendered herein by this Section of the Commission, this action was brought under the Federal Employers' Liability Act (45 USCA §§ 51–59), and therefore the railway company prosecuted an appeal to the Supreme Court of the United States. On final hearing in that court the judgment of this court was reversed, and the cause remanded to this court for further proceedings not inconsistent with the opinion of the United States Supreme Court. 284 U. S. 458, 52 S. Ct. 229, 76 L. Ed. ——. The mandate from the United States Supreme Court is now before us and must be obeyed.

After the happening of the above events, counsel for the plaintiff in error for the first time calls our attention to the fact that when this cause was filed and presented to the Court of Civil Appeals the brief of the railway company, appellant in that court, contained no assignments of error. Saxon therefore contends that the Court of Civil Appeals was without jurisdiction to examine into or pass on any matters or decide any question not constituting fundamental error. Plaintiff in error further contends that, since the Court of Civil Appeals acquired no jurisdiction over this case except as to fundamental error, this court also acquired no other jurisdiction. It is then pointed out that no fundamental error has been shown. This court is then asked to reverse the judgment of the Court of Civil Appeals and affirm that of the district court. In support of the above

contention and motion, plaintiff in error cites among others the following authorities: Clonts v. Johnson, 116 Tex. 489, 294 S. W. 844, and Natkin Co. v. Ætna Casualty Co. (Tex. Com. App.) 37 S.W.(2d) 740.

We think that our original judgment reversing the judgment of the Court of Civil Appeals and affirming the judgment of the trial court now stands reversed by the opinion and judgment of the Supreme Court of the United States, and we must give effect thereto.

An examination of the facts of this record convinces us that it cannot be said with any degree of certainty that the facts necessary to meet the requirements of the law as announced by the Supreme Court of the United States cannot be supplied on another trial. It follows therefore that this case should not have been rendered by the Court of Civil Appeals and should not be rendered by this court.

We therefore recommend that the judgment of the Court of Civil Appeals be set aside and that the judgments of the Court of Civil Appeals and district court be both reversed and the cause remanded to the district court for a new trial.

CURETON, C. J.

The judgments of the Court of Civil Appeals and district court are both reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.