**DETROIT, G. H. & M. RY. CO. et al. v. MALDONADO.**

**No. 5966.**

Circuit Court of Appeals, Sixth Circuit.

June 27, 1932.

Frederick T. Harward and William W. Macpherson, both of Detroit, Mich., for appellants.

E. H. Groefsema and T. J. Bresnahan, both of Detroit, Mich. (Louis James Rosenberg, Bresnahan & Groefsema, and Henry Messinner, all of Detroit, Mich., on the brief), for appellee.

Before HICKS and HICKENLOOPER, Circuit Judges, and HOUGH, District Judge.

HICKS, Circuit Judge.

Appeal from a judgment in favor of appellee in an action under the Federal Employers' Liability Act (tit. 45, U. S. C., c. 2, §§ 51–59 [45 USCA §§ 51–59]) to recover damages for personal injuries. Appellant challenges the denial of a directed verdict in its favor.

On the date of the accident, appellee, a section laborer of nine years' experience, was one of a section gang engaged in changing rails on appellant's main line. The men took out a broken rail and transported it upon a car to a point opposite an old rail pile upon which it was to be thrown. This pile was two or two and a half feet high and consisted of ten or twelve old rails thrown together without regard to any orderly arrangement.

According to the testimony of the appellee, which must be taken as true, he and four other men carried the rail from the car across two sidetracks to a point near the pile. As they advanced, appellee and another man carried the left end and the three others carried the right end. The rail was to be thrown in concert upon the pile at the command of the foreman. The customary method for doing such work was for the foreman to call the warning signal "ready" and to follow it by the command "go" at which the rail was to be thrown. Appellee testified that he was watching the three men at the right end and that they threw before the foreman said "go"; that when he saw them do that he and his companion as quickly as possible also "let go" before the word "go" was spoken. The rail fell on top of the pile at about its center, the right end coming down first. The

left end bounced and struck appellee although he had "jumped back" about four feet.

As we view the case we are not required to determine whether a release signed by appellee and relied upon by appellant was of binding effect or whether appellee was injured while he and his fellow servants were engaged in interstate commerce. We may assume that they were, and we may further assume that appellee's fellow laborers negligently threw the right end of the rail before the word "go" was spoken, but negligence alone does not warrant a recovery. The law required appellee to go further and prove, at least by a preponderance of the evidence, that the negligent act of his fellow servants proximately caused the rail to rebound. Atchison, T. & S. F. R. Co. v. Toops, 281 U. S. 351, 355, 50 S. Ct. 281, 74 L. Ed. 896. We think that in this determinative particular appellee failed. It is in evidence, as well as a matter of common knowledge, that a steel rail will bounce when thrown upon a pile of steel rails. This is an ordinary occurrence. The rebound might have been caused in a number of ways, —among others, by the particular manner in which the rail was handled; by the force used to throw it; and by the angle at which it struck the pile. There is of course a possibility that appellee was injured because his fellow servants acted too hastily but this is only a possibility. See Atchison, T. & S. F. Ry. Co. v. Saxon, 284 U. S. 458, 52 S. Ct. 229, 76 L. Ed. 397; American Oil Co. v. Frederick, 47 F.(2d) 54, 56 (C. C. A. 6). There is no substantial evidence to support such view. The evidence most favorable to appellee is his own testimony wherein he was asked: "Q. What made it" (the rail) "come back?" He answered: "A. The men threw it first." We assume that he meant that the rail came back because the men at the east end released it first but on cross-examination he was asked: "Q. It was the force of the rail you threw on the pile, the force with which it came in contact with the other rails, that caused it to rebound and strike you on the toe?" He answered: "A. Yes." This leads us to the conclusion that the answer "the men threw it first" was no more than mere conjecture or opinion without any real foundation in fact. Copeland v. Hines, 269 F. 361, 363 (C. C. A. 6).

We further conclude that, when tested by the rule laid down in Hardy-Burlingham Mining Co. v. Baker, 10 F.(2d) 277 (C. C. A. 6), and the cases there cited, there is no substantial evidence of any causal relation between the negligence (taken for granted) of appellee's fellow servants and his injury such as would justify a submission of the case to the jury.

We think the motion for a directed verdict should have been sustained, and the case is therefore reversed.