814

## ATCHISON, T. & S. F. RY. CO. v. SAXON.
### Motion No. 10642; No. 1409—5601.

Commission of Appeals of Texas, Section A.
May 3, 1933.

See, also, 38 S.W.(2d) 775.

Turney, Burges, Culwell & Pollard, of El Paso, for plaintiff in error.

Winbourn Pearce and Walker Saulsbury, both of Temple, for defendant in error.

CRITZ, Judge.

In this case Mack Saxon, ancillary administrator of the estate of J. W. Moore, deceased, recovered a judgment in the district court against Atchison, Topeka & Santa Fé Railway Company. On appeal, the Court of Civil Appeals reversed this judgment and rendered judgment for the railway company. 21 S.W.(2d) 686. The administrator prosecuted error to this court, which was granted. On hearing in this court, the judgment of the Court of Civil Appeals was reversed, and the judgment of the district court affirmed. 36 S.W.(2d) 228. On application of the railway company, the Supreme Court of the United States granted a writ of certiorari, and on hearing reversed the judgment of this court and remanded the cause to this court for observance of the judgment of the United States Supreme Court. 284 U. S. 458, 52 S. Ct. 229, 76 L. Ed. 397.

On receiving the mandate from the United States Supreme Court, this court again considered this case and finally remanded it to the district court for a new trial. 50 S.W. (2d) 1095.

In prosecuting writ of error to this court, the administrator filed writ of error bond in the sum of $1,000, conditioned as follows:

"Now, therefore, know all men by these presents:

"That we, Mack Saxon, ancillary administrator and personal representative in Texas of the estate of J. W. Moore, deceased, as principal, and the other signatory parties hereto, as sureties, acknowledge ourselves bound to pay to the said Atchison, Topeka and Santa Fé Railway Company the sum of One Thousand and No/100 ($1,000.00) Dollars, conditioned that the said Mack Saxon, ancillary administrator and personal representative in Texas of the estate of J. W. Moore, deceased, plaintiff in error, shall prosecute his writ of error, and his application therefor, with effect, and shall pay all costs which have accrued in the court below, and which may accrue in the Court of Civil Appeals and in the Supreme Court."

It appears that costs have been incurred in this case in the United States Supreme Court, the Supreme Court of Texas, and the Court of Civil Appeals as follows:

| | |
|---|---:|
| Supreme Court United States | $381.65 |
| Supreme Court of Texas | 100.80 |
| Court of Civil Appeals | 54.05 |
| Total | $536.50 |

The administrator now tenders to the clerk of this court the sum of $54.05, and attempts to comply with article 1774, R. C. S. of Texas 1925, by filing application for the issuance of mandate without the payment of costs, except the costs in the Court of Civil Appeals, and accompanies such application with an affidavit to the effect that both he and the estate he represents are insolvent, and unable to pay the above costs or give security therefor, etc.

In our opinion the motion should be denied for two reasons:

(a) Because the administrator has already given security for costs in this court and the Court of Civil Appeals by giving the writ of error bond in the amount and conditioned as above shown. Certainly, where the party applying for the issuance of mandate from this court without the payment of costs under article 1774, supra, has filed writ of error bond in an amount more than such costs to secure the same, he is in no position to ask for the issuance of a mandate on the ground

that he is unable to pay costs or give security therefor. The statute under consideration contemplates that, before the mandate will issue without the payment of costs, the party applying therefor shall rest under two disabilities; that is, he must be both unable to pay, and unable to give security. If he has already given full security, he has no rights under the statute at all.

■ (b) It appears from the record that the judgment of the United States Supreme Court requires the payment of the costs in that court by the administrator. Also that judgment is certified to this court for observance. Under such a record this court will not order the issuance of a mandate without the payment of the costs in the United States Supreme Court, unless some authority can be found for such action in the federal statutes, or the United States Supreme Court shall by order or judgment authorize the same. We have been cited to no federal statute authorizing the issuance of mandate without the payment of the costs in the United States Supreme Court, and the record contains no order from that court on the subject. Jones v. Kansas City Southern Railway Co. (Tex. Com. App.) 29 S.W.(2d) 988.

We recommend that the motion to issue mandate without payment of costs filed herein by Mack Saxon, administrator, be refused.

CURETON, Chief Justice.

The motion to issue mandate without payment of costs is overruled as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in the opinion.