## HEALEY v. NEW YORK, O. & W. R. CO.
### No. 34.

Circuit Court of Appeals, Second Circuit.
Nov. 4, 1935.

Watts, Oakes & Bright, of Middletown, N. Y. (Abram F. Servin, of Middletown, N. Y., of counsel), for appellant.

T. J. Gillen, of Brooklyn, N. Y., and A. L. Casey, of Scranton, Pa. (William G. Walsh, of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge.

Appellee's intestate, employed by the appellant as a brakeman, met an accidental death on March 20, 1931, while at work shifting cars on a track known as the "Riverside Mine Run," extending from Mayfield, Pa., to the Ontario & Riverside breakers south thereof. This line is used solely for making up trains of coal which are loaded at these respective breakers; also for storing coal cars while awaiting loading or transportation. He fell from a coal car on which he was riding, engaged in a switching operation, at 10 o'clock at night. Snow was falling. The crew, consisting of an engineer, conductor, foreman, and the decedent, started from Mayfield yard with an engine and cars. When they arrived at these siding tracks, they engaged in switching operations shifting both empty and loaded cars. After several switching movements, the engine passed the southerly end of a switch, and appellee's intestate stepped off the locomotive on which he was riding and threw the switch. The engine moved ahead to the loaded car, which was some two or three car lengths away, and decedent made the coupling connecting the air hose and angle cock. The engineer then turned out the headlight and decedent went to the front end of the loaded car with his lantern. When he was climbing on the car, the engineer says he put his hand on the ladder and his foot on the step and gave the engineer the customary signal to go ahead by raising and lowering his lantern. After climbing on the car, he went around the front end and the engineer started the engine. After the engineer started, he could see the reflection of a light there, although previously there had been no light on the front of the car. The engine continued pushing the car for a distance of 1,600 feet until the loaded cars had been left on the northerly end of the switch, when the engineer received a signal from another brakeman standing by the loaded cars. As the car that was being pushed approached the loaded cars, the lantern which decedent had had was lighted and standing on the brake platform near the center of the car. Healey was found lying between the rails dead, about 100 feet from where this movement had started. His coat was drawn over his head, from which it is argued that he was dragged by some underrigging of the car.

It is argued that he must have fallen from the train after placing his lantern where it was later observed at some time after the engine had started up. However, there was no evidence to show what caused his fall, and it must have occurred after he had taken his position at the front end of the car and after he had placed his lantern in the middle of the front platform.

The negligent act submitted to the jury was the failure of the engineer "to comply with the rules of the defendant for the proper and safe operation of the locomotive and the car, which rules require that where a train is being pushed by a locomotive, the trainman or flagman is required to be in a conspicuous place upon the front of the car."

The rules promulgated by the appellant, and claimed to have been breached by the engineer, were: Rule 24: "When cars are pushed by an engine, except when shifted or making up trains in yards, a white light must be displayed on the front of the leading car by night." And Rule 102: "When cars are pushed by an engine except when shifting or making up trains in yards, a trainman must take a conspicuous position on the front of the leading car and where shifting over public crossings at grade not protected by a watchman, a member of the crew must protect the crossing." These rules are not applicable to shifting cars in yards. They are to be enforced for the protection of pedestrians or workmen along the track. If injury occurred in such instances, the negligence of a trainman would have been the proximate cause of such an accident and it might be argued that the engineer would be negligent in proceeding, provided he knew

the trainman was not at his station. But an engineer who would proceed disregarding the requirements of these rules would commit no act of negligence against a brakeman engaged on a car in a switching movement. These rules were designed obviously not to cover the duties' of the engineer and trainmen as between themselves, but to protect workmen along the track by insuring a proper warning of the approach of the car would be, given so as to avoid collisions. Indeed, if any one were to take a conspicuous position on the car, it was the duty of the decedent to do so.

Moreover, a failure to display a white light on the front of the leading car by night as required by rule 24 in no way contributed to the decedent's fall. Indeed, it was shown that there was a light on the front of the car that was being pushed.

But it is said a question for submission to the jury was whether the engineer started to push the cars before decedent had taken a conspicuous position at its front, and this notwithstanding the charge that the engineer had a right to start his engine upon receiving a go-ahead signal from the decedent. Appellee's only witness, the engineer, said that after coupling the car the decedent went around the front of the car. After seeing him there, he disappeared from sight. It is sufficiently shown that the decedent reached the front end of the brake platform, placed the lantern in the position in which it was found, and fell to the ground between the rails some time after the engine began pushing the car and when it had proceeded not more than a hundred feet. No effort was made by the appellee to show any other circumstances that would suggest negligent operation by the engineer. Too much is left for speculation. He may have been thrown off by a sudden jolt or jar. He may have caught his foot in some part of the brake mechanism or slipped on the wet snow and fallen—causes for which the railroad company would not be responsible.

The rules were not applicable here and do not aid in causing the appellant to indemnify the next of kin of the decedent. It was incumbent upon the plaintiff not only to prove that the appellant was negligent but that such negligence was the proximate cause of the accident. Unless it had a direct causal connection with the injury, appellee may not recover. Pennsylvania R. Co. v. Chamberlain, 288 U. S. 333, 53 S. Ct. 391, 77 L. Ed. 819; Atchison, etc., R. Co. v. Saxon, 284 U. S. 458, 52 S. Ct. 229, 76 L. Ed. 397; New York C. R. Co. v. Ambrose, 280 U. S. 486, 50 S. Ct. 198, 74 L. Ed. 562; Chicago, etc., R. Co. v. Coogan, 271 U. S. 472, 46 S. Ct. 564, 70 L. Ed. 1041. A verdict for the appellant should have been granted.

Decree reversed.