THE TEXAS & PACIFIC RAILWAY COMPANY V. E. F. MERCER.

No. 6513. Decided February 19, 1936.
Motion to issue mandate without payment of costs overruled April 15, 1936.
(90 S. W., 2d Series, 557; 93 S. W., 2d Series, 376.)

*T. D. Gresham,* of Dallas, *Head, Dillard, Maxey-Freeman &
J. F. Wolf,* all of Sherman, for plaintiff in error.

The only notice given to the defendant railway company was
that given to an unnamed person who claimed to be an engineer.
There is an entire absence of proof that this party was the

agent of the railway company, or if the agent, that he had any authority. To bind one's principle plaintiff must prove that the person receiving the notice was the agent and that such notice was imputed to the principle. Buzzard v. Jolly, 6 S. W., 422; Lane v. Sullivan, 286 S. W., 541; Smyth v. Conner, 280 S. W., 600.

The plaintiff could not claim as his measure of damage the price that his produce would have brought at retail on the market at the time specified, unless the cost of growing, cultivating and marketing said produce was taken into consideration. International & G. N. Ry. Co. v. Pape, 73 Texas, 501, 11 S. W., 526; Ara v. Rutland, 215 S. W., 445; Texas Co. v. Lacour, 122 S. W., 424.

*Webb & Webb,* of Sherman, for defendant in error.

It was error for the court to sustain the finding that there was no evidence that the blocking of the highway crossing was the proximate cause of the breaking of the milk bottles. Missouri, K. & T. Ry. Co. v. Raney, 99 S. W., 589; Eames v. Texas & N. O. Ry. Co., 63 Texas, 660.

Defendant was entitled to recover damages for the loss of good will. City of San Antonio v. Royal, 16 S. W., 1101; 12 R. C. L., pages, 978, 996; 17 C. J., page, 797.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

The Railway Company and Mercer each filed an application for a writ of error and each application was granted, from which it results that in this court each party is both plaintiff in error and defendant in error. For convenience we shall designate Mercer as plaintiff and the Railway Company as defendant.

We glean the following facts from the full statement made by the Honorable Court of Civil Appeals:

Plaintiff is the owner of a tract of land located 5 or 6 miles northeast of the City of Sherman, on which he had operated a dairy and truck farm for many years prior to the origin of the cause of action upon which this suit is based. He marketed his dairy products and vegetables in Sherman, which could be reached by him in a few minutes by his mode of travel in a truck. The public road leading from a point near his farm to Sherman was a smooth graveled highway. Defendant's track crossed this highway near plaintiff's farm and between it and Sherman. For the purpose of lowering the grade on which this track was laid the defendant, on or about August 12, 1929, com-

pletely blocked the highway without the permission of the Commissioners Court. The blockade was unlawfully erected and maintained. As a result of the blocking of the highway plaintiff was prevented from transporting his products to the Sherman market over any portion of the graveled highway. The only other feasible route that could be used by him in reaching that market was a narrow dirt road some distance from the highway, a route that could be used only in dry weather, and even then it was exceedingly rough and an unsuited way over which to transport milk and vegetables. For the greater portion of the time the graveled highway was blocked, covering a period of about four months, the dirt road was impassable from frequent rains and plaintiff could make no deliveries of his products. When he attempted to use this dirt road he would be late in making his deliveries and frequently, because of the rough road and the consequent churning of the milk, it would become sour and was an entire loss.

At the time under inquiry a number of grocery merchants in Sherman regularly purchased from plaintiff the milk used by them to supply their customers, and there were also a number of persons to whom he regularly delivered the milk required for their home consumption. It does not appear that plaintiff had any regular customers for his vegetables, but before the highway was blocked he was able to dispose of all of them in Sherman.

In attempting to travel over the rough dirt road plaintiff damaged his truck and broke a large number of milk bottles. As a further result of the unauthorized blocking of the highway and the consequent inability of plaintiff to deliver his supplies regularly and in good condition, his business as a dairyman was practically destroyed, his customers having turned to other dairyman for their supplies of milk, and, after the highway was cleared, he was unable to secure these customers again. As a further result he was unable to market his vegetables and they became a loss.

The present suit was instituted by plaintiff for damages sustained by him on account of the unauthorized blocking of the highway. In answer to special issues, the jury found that he sustained damages as the proximate result thereof in the following amounts: (1) $400.00 for the loss of his tomato crop; (2) $75.00 for the loss of his cantaloupe crop; (3) $20.00 for the loss of his roasting ear crop; (4) $25.00 for the loss of his cabbage crop; (5) $125.00 for the loss of his milk products; (6) $25.00 as the value of the milk bottles broken; (7) $200.00

as damages to his truck; (8) $4,130.00 as damages "to his good will in the dairy business." These several items total $5000.00, and judgment was rendered in his favor by the trial court for that amount. The Court of Civil Appeals affirmed the judgment as to the damages found in Items 1 to 5, inclusive, totaling $645.00, but disallowed the other items. Accordingly, the judgment of the trial court was reformed to the extent of reducing the amount thereof from $5000.00 to $645.00, and, as reformed, was affirmed.

It is apparent that all the damages claimed are properly denominated as special damages, for which the defendant would not be liable unless it had notice that they would likely flow from its wrongful act. The Court of Civil Appeals found that it had such notice and its finding is supported by the record.

The various items of damage awarded in the trial court were combined by the Court of Civil Appeals into three groups: First, Items 1 to 5, inclusive, aggregating $645.00, for loss of business during the period of the blockade, and being those items approved by the Court of Civil Appeals; second, Items 6 and 7, aggregating $225.00, the value of the milk bottles broken and damage to the truck; and third, Item 8, $4,130.00, damage to the good will of plaintiff's dairy business. Each of these groups calls for the application of principles different from the others and we shall therefore consider them separately. It is our view that Items 6 and 7 cannot properly be grouped, but that question will be considered later.

■ We approve the holding of the Court of Civil Appeals that the measure of plaintiff's damages for being cut off from his market for a period of four months and, on that account, being deprived of selling his milk products and vegetables during that period, is the retail price which these products would have brought in Sherman. That amount represents his actual loss on that account. The vegetables had matured and the milk products had been produced, and, because of the uncertainty as to the time when he could use the highway, he was compelled to maintain his overhead expense during that period. He was conducting an established business, which he was compelled to suspend for about four months, and is entitled to recover the profits which he would have earned during that period. As stated in 13 Tex. Jur., p. 214, "loss of profits of an established business has frequently been held to be an item for recovery where the evidence shows that the loss has resulted from an obstruction of a public street giving access to the premises, or the obstruction of an entrance to the plaintiff's place of busi-

ness." This statement from the text is well supported by the decisions in this State, among which may be cited the following: Powell v. Houston & T. C. R. Co., 104 Texas, 219, 135 S. W., 1153, 46 L. R. A. (N. S.), 615; Ewing v. Wm. L. Foley, Inc., 115 Texas, 222, 280 S. W., 499, 44 A. L. R., 627; Hart Bros. v. Dallas County, 279 S. W. (Com. App.), 1111; American Const. Co. v. Davis, 141 S. W., 1019; American Const. Co. v. Caswell, 141 S. W., 1013; Houston etc. R. R. Co. v. Lackey, 12 Texas Civ. App., 229, 33 S. W., 768.

■ We next consider the action of the trial court in awarding recovery for damages to plaintiff's truck. These damages resulted from plaintiff's undertaking to reach Sherman during the period of the blockade over a rough, narrow dirt road. In so far as they represent wear and tear, as distinguished from damages from an accident, which could not have been foreseen by defendant, they should be classified as expenses of mitigation. The plaintiff owed the duty to use ordinary care to mitigate his damages and is entitled to recover, as damages, the amount reasonably expended in his effort so to do. Texas & P. Ry. Co. v. Levi & Bro., 59 Texas, 674, 13 Tex. Jur., pp. 99-101, Sec. 27, and authorities there cited. The expenses incurred in an effort to mitigate damages are not to aggravate, but to lessen the amount for which the wrongdoer might be held liable. If the effort is successful, the defendant reaps the benefit thereof. If it turns out otherwise, it is but just that he should sustain the loss. Gulf, Colorado & Santa Fe Ry. Co. v. Keith, 74 Texas, 287, 11 S. W., 1117; St. Louis Southwestern R. Co. v. Chambliss, 54 S. W., 401. Williston on Contracts, Vol. 3, Sec. 1354.

Damages suffered from breaking milk bottles cannot be classified as expenses incurred in a reasonable effort to mitigate. The plaintiff himself testified, in substance, that after he learned how to drive his truck on the rough road he broke no bottles. Stated differently, his testimony is to the effect that the breaking of the bottles was due to his inexperience in driving over rough roads. It must be held as a matter of law that such damages were not proximately caused by defendant's act in obstructing the highway. They are too remote. Seale v. Gulf C. & S. F. Ry. Co., 65 Texas, 274, 57 Am. Rep., 602; Texas & P. Ry. Co. v. Bigham, 90 Texas, 223, 38 S. W., 162.

■ We turn now to the question of damages to the good will of plaintiff's business. Good will is property. It may be sold and it may also be damaged. There is no principle of law making any distinction between it and other property with

respect to the right of the owner thereof to recover damages for its destruction. That such damages are recoverable is not an open question in this jurisdiction. In the case of Ewing v. Wm. L. Foley, 115 Texas, 222, 280 S. W., 499, 44 A. L. R., 627, this Court upheld the right of the owner of an established business to recover damages for injury to the good will of his business proximately caused by the negligent act of another. In that case, as in this, the injury resulted from a temporary interruption of the business. A like decision upon similar facts was made in Powell v. Houston & T. C. Ry. Co., 104 Texas, 219, 135 S. W., 1153, 46 L. R. A. (N. S.), 615.

In submitting issues calling for findings of damages of this nature it should be kept in mind that the damages recoverable are for injuries to property. Good will, though intangible, is in integral part of the business the same as are the physical assets. Upon another trial appropriate issues should be submitted calling for findings as to the decreases in value, if any, to plaintiff's dairy business. The rule for measuring such damages is the same as that for measuring damages to any other property.

The court's definition of "proximate cause" in the charge to the jury employed the phrase "new and independent cause." Timely and proper objection was made to the definition because of its failure to define "new and independent cause." The phrase is a legal one requiring definition. Robertson & Mueller v. Holden (Com. App.), 1 S. W. (2d) 570; Greer v. Thaman (Com. App.), 55 S. W. (2d) 519; Thomas v. Goulette, 12 S. W. (2d) 829. The Court of Civil Appeals held that the failure to define it was error, but that, in this case, the error was harmless, because recovery was allowed only on the first five items of damage, as to which items the wrongful act of appellant was the proximate cause as a matter of law. Without considering that question, it is apparent that, under our holding that the other damages found by the jury are proper elements, it cannot be said that, as to them, the defendant's wrongful act was the proximate cause as a matter of law.

The Court of Civil Appeals properly held that there was error in the admission of certain evidence discussed in the opinion. We need not consider whether that error was harmless, because the case must be retried and the evidence will not be admitted upon the next trial.

The judgments of the Court of Civil Appeals and the district court are both reversed and the cause remanded.

Opinion adopted by the Supreme Court February 19, 1936.

ON MOTION TO ISSUE MANDATE WITHOUT PAYMENT OF COSTS.

MR. JUDGE CRITZ delivered the opinion of the court.

It appears from the record in this case that the Texas & Pacific Railway Company and E. F. Mercer were both dissatisfied with the judgment of the Court of Civil Appeals in this cause, and each filed an application for writ of error to this Court. Both applications were granted.

It further appears that E. F. Mercer duly filed a writ of error bond, which bond contained the following condition:

"NOW, THEREFORE, we E. F. Mercer, plaintiff in error, as principal, and A. S. Noble and A. E. Jamison, as sureties, acknowledge ourselves to pay to the Texas & Pacific Railway Company and Gifford-Hill & Company, defendants in error, the sum of TWO HUNDRED DOLLARS, conditioned that the said E. F. Mercer, Plaintiff in Error, shall prosecute his writ of error with effect, and pay all of the costs which have accrued in the Court of Civil Appeals, the District Court, and which may *accrued* in the Supreme Court."

It further appears that on March 14, 1936, after final judgment in this Court, E. F. Mercer filed in this Court his application for the issuance of mandate without the payment of costs. This application was accompanied by Mercer's affidavit, under Article 1774, R. C. S. of Texas, 1925, of his inability to pay costs or give security therefor. On April 8, 1936, this Court entered its order granting the application of said Mercer for the issuance of mandate without payment of costs. At the time such order was entered the fact that the above bond had been filed by Mercer was not called to our attention. Such has since been done.

■ Under the above record it appears that Mercer has already given security for all costs in this case in all courts. He therefore has no right to make affidavit under Article 1774, supra. Atchison, T. & S. F. Ry. Co. v. Saxon, 59 S. W. (2d) 814 (Com. of App. opinion approved).

It is adjudged that the order of this Court heretofore entered on April 8, 1936, granting Mercer's motion for issuance of mandate without payment of costs be, and the same is, rescinded and set aside. It is further ordered that the motion for issuance of mandate without payment of costs be, and the same is, here and now in all things overruled.

Opinion delivered April 15, 1936.