## TEXAS & P. RY. CO. v. MERCER.

### Motion No. 12375; No. 6513.

Supreme Court of Texas.

April 15, 1936.

T. D. Gresham, of Dallas, and Head, Dillard, Maxey-Freeman & McReynolds and J. F. Holt, all of Sherman, for plaintiff in error.

Webb & Webb, of Sherman, for defendants in error.

O. B. Freeman, of Dallas, for defendant in error Gifford-Hill & Co.

CRITZ, Justice.

It appears from the record in this case that The Texas & Pacific Railway Company and E. F. Mercer were both dissatisfied with the judgment of the Court of Civil Appeals [58 S.W.(2d) 896] in this cause, and each filed an application for writ of error to this court. Both applications were granted.

It further appears that E. F. Mercer duly filed a writ of error bond, which bond contained the following condition:

"Now, therefore, we E. F. Mercer, plaintiff in error, as principal, and A. S. Noble and A. E. Jamison, as sureties, acknowledge ourselves to pay to the Texas & Pacific Railway Company and Gifford-Hill & Company, defendants in error, the sum of two hundred dollars, conditioned that the said E. F. Mercer, plaintiff in error, shall prosecute his writ of error with effect, and pay all of the costs which have accrued in the Court of Civil Appeals, the District Court, and which may accrued in the Supreme Court."

It further appears that on March 14, 1936, after final judgment in this court [90 S.W.(2d) 557], E. F. Mercer filed in this court his application for the issuance of mandate without the payment of costs. This application was accompanied by Mercer's affidavit, under article 1774, R.C.S. of Texas 1925, of his inability to pay costs or give security therefor. On April 8, 1936, this court entered its order granting the application of said Mercer for the issuance of mandate without payment of costs. At the time such order was entered the fact that the above bond had been filed by Mercer was not called to our attention. Such has since been done.

Under the above record it appears that Mercer has already given security for all costs in this case in all courts. He therefore has no right to make affidavit under article 1774, supra. Atchison, T. & S. F. Ry. Co. v. Saxon, 59 S.W.(2d) 814 (Tex. Com.App., opinion approved).

It is adjudged that the order of this court heretofore entered on April 8, 1936, granting Mercer's motion for issuance of mandate without payment of costs, be, and the same is, rescinded and set aside. It is further ordered that the motion for issuance of mandate without payment of costs be, and the same is, here and now in all things overruled.