**CITY OF DUBLIN v. HICKS.**

No. 1837.

Court of Civil Appeals of Texas. Eastland.

Oct. 14, 1938.

Rehearing Denied Nov. 4, 1938.

Chandler & Chandler, of Stephenville, for appellant.

J. A. Johnson, of Stephenville, for appellee.

FUNDERBURK, Justice.

Intermittently during the months of March, April, May and June, 1937, the City of Dublin operated a rock crusher, in said city, upon a lot owned by it, south, across a sixty-foot street from the place of business of P. M. Hicks. Said Hicks occupied a lot to the north under lease from J. P. Barber, and thereon conducted a filling station business which included the washing and greasing of cars, and in connection with which he dispensed a little candy, soda water and chewing gum. Hicks brought this suit against said city claiming damages. It was alleged that the operation of the rock crusher constituted a nuisance from which plaintiff suffered damages in the loss of trade, business and goodwill, in the aggregate sum of $1,000.

The jury's only verdict, in response to special issues, found: (1) That "plaintiff's business was damaged by the operation of the rock crusher at the time and place alleged in plaintiff's petition"; and (2) that the sum of $100 "will fairly and reasonably compensate plaintiff for the damages * * suffered by him in his business by reason of the rock crusher being operated at the time and place alleged in plaintiff's petition."

From the judgment rendered in accordance with such verdict the defendant City of Dublin has appealed.

■■ It is to be observed from the foregoing statement that no issue was submitted to the jury as to whether the operation of the rock crusher was a nuisance. The establishment of such issue was necessary to support the judgment. The operation of a rock crusher is not a nuisance per se. By reason of the place and result of its operation, and perhaps other particular circumstances, a rock crusher may be a nuisance in fact. It is our view that the evidence may show with such a degree of conclusiveness as not to require submission of

the issue to the jury that the operation of a rock crusher, although not a nuisance per se, is a nuisance in fact. The law as now interpreted does not require that issues, which are conclusively established by the evidence, be submitted; or that express findings thereof be made. Ewing v. Wm. L. Foley, Inc., 115 Tex. 222, 280 S.W. 499, 44 A.L.R. 627. The question is, therefore, presented whether under the operation of such rule of practice the appellant shows reversible error. In appealing from a judgment based upon a verdict wherein there is no finding upon an issue essential to support the judgment, appellant has the burden of showing that such omitted issue, although raised by the evidence, was not by such evidence, or by admission of facts, conclusively established. In our opinion, none of the appellant's assignments of error, as limited by the propositions, argument and authorities in support thereof, presents for our decision the question whether the undisputed evidence failed or was insufficient to establish that the operation of the rock crusher was a nuisance; and therefore conclusively required the submission of such issue.

■■ If it be assumed that the evidence established conclusively that the operation of the rock crusher was a nuisance there was under the pleadings but one other issue to be established in order to support a judgment for plaintiff, and that was the issue of damages. Such issue was submitted in two parts—one calling for a finding of the fact of damages and the other the amount. Appellant's brief consists largely of an attempt to show that particular facts constituting a legal measure of damages were not shown by any evidence, nor that such facts were submitted as issues to the jury. Under the pleadings the facts, if any, showing the existence of a legal measure of damages were not issues made by the pleadings and as such required to be submitted to the jury. Such facts were evidentiary facts, not comprising the ultimate issue. The issue to which they relate is the single issue of damages. The correctness of this statement would seem to follow as a necessary deduction from the well settled proposition that it is not necessary to plead the facts constituting the measure of damages. Crum v. Thomason, Tex.Civ.App., 181 S. W. 803; Scott v. Lott, Tex.Civ.App., 247 S.W. 685; City of San Antonio v. Pizzini, Tex.Civ.App., 58 S.W. 635, 636; International & G. N. Ry. Co. v. Glover, Tex.

Civ.App., 84 S.W. 604; Southwestern Portland Cement Co. v. Kezer, Tex.Civ.App., 174 S.W. 661, 669; Pecos & N. Texas Ry. Co. v. Coffman, Tex.Civ.App., 160 S.W. 145; St. Louis S. W. Ry. Co. v. Jenkins, Tex.Civ.App., 89 S.W. 1106; 13 Tex.Jur. 314, sec. 170.

■ It may be conceded that the good will of a business is property, and that damages recoverable for its loss are damages to property. Texas & P. Ry. Co. v. Mercer, 127 Tex. 220, 90 S.W.2d 557, 93 S.W.2d 376, 106 A.L.R. 1299; Ewing v. W. L. Foley, Inc., supra. Even so, good will is but an element of the business; for, as said in the first cited case [page 560]: "Good will, though intangible, is an integral part of the business, the same as are the physical assets." There was evidence of other damages to plaintiff's business, such as the loss of customers, having no necessary relation to loss of good will. There was evidence of lost profits. The damages claimed consisted of several different elements, as, for instance, loss of trade or business, loss of good will, etc. To show that there was no evidence, or that the evidence was insufficient, to support a particular element, would not be conclusive of the proposition that there was no evidence, or that the evidence was insufficient to raise the issue of damages. It would be necessary to show there was no evidence or that the evidence was insufficient to sustain any one of the several elements of damages.

■ The different elements of the single issue of damages as here pleaded are not required to be submitted as separate issues. The proper practice, we think, would be to state the issue of damages in terms of its several elements, which there may be evidence to support, thereby eliciting the jury's findings based upon the legal measure of damages. Texas & P. Ry. Co. v. Phillips, Tex.Civ.App., 56 S.W.2d 210. This is but an application of the principle governing the common practice, for example, of stating issues so as to call for findings thereof based upon the preponderance of the evidence. So far as we know there is no exception to the rule that when a cause is submitted to a jury upon special issues it is improper to give a general or special charge or instruction on the law of the case. If all the issues in a case, including the issue of damages, in a damage suit, may not be submitted as special issues, unaided by any general or special charge or instruction on the law of the case, and

aided alone by "such explanations and definitions of legal terms" as required by R.S. 1925, Art. 2189, to be given, then manifestly such a case is one that cannot be determined on the submission of special issues. For such a case, the law makes special provision. The law provides that "If the nature of the suit is such that it cannot be determined on the submission of special issues, the court may refuse the request to do so." R. S.1925, Art. 2189.

Entertaining as we do these views of the law, the conclusion is inescapable that appellant has not presented, in such way as to be reviewable by us, the question of the want of evidence, or the insufficiency of evidence to raise the issue of damages.

None of the other objections to the manner of submission or failure to submit issues seems to us to be tenable.

The statement of the issue of damages was not subject to either of the objections —as contended—that it assumed the existence of a nuisance, or was a comment on the weight of the evidence. No mention was made of the subject or fact of nuisance. True, in rendering judgment the court would have to assume that the rock crusher was a nuisance; but as above said the evidence so far as the question is raised may have justified that assumption. Even if the statement of the issue of damages had by reference to the issue of nuisance assumed the existence of a nuisance, it would not have been material error if the evidence conclusively established the fact. As said by Judge Speer: "Of course where a fact is admitted or where it is indisputably proved it may and should be assumed by the court * * *. It is as much the duty of the court to assume and act upon an undisputed fact as it is to submit a disputed one." Law of Special Issues, p. 254, sec. 195.

It is doubtful, we think, whether an objection to a special issue that it is upon the weight of the evidence means anything more than is comprised in the other objection that it assumes a fact in issue. It is difficult to see how a *question* may constitute a comment on the weight of evidence. At any rate, that objection to the issue of damages here involved was, we think, without merit.

It is our conclusion that no reversible error has been shown and that the judgment of the court below should be affirmed. It is accordingly so ordered.