**TRAVELERS INS. CO. et al. v. KEY et al.**

No. 14157.

Court of Civil Appeals of Texas.
Fort Worth.

Dec. 20, 1940.

Rehearing Denied Jan. 24, 1941.

Renfro & Kilgore, of Dallas, for appellants.

George M. Hopkins, of Denton, for appellees.

BROWN, Justice.

Appellees, Key and wife, rented a certain tract of land and moved thereon and made it their home. They brought suit in the district court of Denton County against The Travelers Insurance Company and one C. L. Fisher, alleging that Fisher, as agent for said Insurance Company, plowed up and destroyed a culvert thereon and made impassable a certain public road which had been used by the public for many years and specially by Key and wife.

That the damage done to such road had injured the plaintiffs by reason of the fact that they could not use the road and were compelled to move their mailbox to a place, on a highway into which the injured road ran, which was much further from their residence, and that they were compelled, in going to and from Justin, Texas, and Denton, Texas, to and from market and to and from the cotton gin, and to and from church, etc., to travel a distance of three miles further than they customarily were required to travel when the road that was damaged by the defendants was used by them.

With such general allegations they sought actual damages in the sum of $1,000, and then pleaded certain conduct upon the part of the defendants, not necessary to be noticed here, as entitling them to exemplary damages. The defendants answered by

general demurrer and special exceptions to the sufficiency of the petition, generally denied the allegations, and alleged that the road was used at all of the times when the plaintiffs charge that it was made impassable, also limitations to the action.

The cause was tried to a jury and three issues were submitted.

(1) "Do you find from a preponderance of the evidence plaintiff, W. J. Key, has been damaged on account of plowing the roadway and removing the culvert?" The jury answered "Yes".

(2) "What amount of money do you find from a preponderance of the evidence would reasonably compensate the plaintiff Key for damages sustained by, him by virtue of plowing the roadway and removing the culvert, if any you have found in answer to No. 1?" The jury answered, "$300.00."

To the third issue the jury found against the defendants on the plea of limitations.

The defendants made objections to the charge of the court and requested peremptory instructions in their behalf, and the plaintiffs moved for judgment on the verdict and the defendants for judgment notwithstanding the verdict.

The trial court rendered judgment in favor of Mr. and Mrs. Key against both defendants, jointly and severally, for $300.00 and costs. Hence this appeal.

It is undisputed that in traveling from his home Key had the use of a good, all-weather road, and the inconvenience suffered by him was that he simply had to travel further on such good road to get to his R.F.D. mailbox and to and from market, the cotton gin, church, etc.

■ Appellants' first contention is that the plaintiffs' pleading is insufficient to show damages specially suffered, as distinguished from such damages as the public generally suffered.

Such cases as City of San Antonio v. Strumberg, 70 Tex. 366, 7 S.W. 754; Owens v. Varnell, Tex.Civ.App., 145 S.W. 256, writ dismissed; Ingram v. Turner, 59 Tex.Civ.App. 7, 125 S.W.2d 327, writ refused; Sigel v. Buccaneer Hotel Co., Tex. Civ.App., 40 S.W.2d 168, writ refused, and Evans v. Scott, Tex.Civ.App., 97 S.W. 116, are cited in support of this contention.

The rule contended for is well established and is found in Vol. 21, Tex.Juri., para. 199, at pages 714, 715, para. 204, at pages 718, 719, para. 206, at pages 720, 721.

If this were a suit seeking injunctive relief, we would have but little difficulty in arriving at a disposition thereof, but it is admitted that the condition complained about does not now exist, and that it lasted for only a short while, and the plaintiffs are asking for damages claimed to have been suffered while they say the road was made impassable by the defendants.

We are of opinion that the plaintiffs' petition is vulnerable as against a special exception, but as against a general demurrer we are inclined to hold that it attempts to plead injuries special to the plaintiffs.

There does not, in our opinion, appear to be an insuperable barrier to plaintiffs' right of recovery and we hesitate to reverse and render.

We do not believe that plaintiffs' pleading is as specific in relation to their special damages as the rule requires.

■ We have read the statement of facts and we do not believe that the testimony adduced to establish special damages is of such a nature that it will support the verdict of the jury, even if the issues had been properly prepared.

The testimony of wholly disinterested witnesses is to the effect that the road was never impassable but was continuously used, and while the plaintiffs deny that they ever used it, after it was plowed up (as they insist), they did admit that one of their daughters drove her car over it, that Key went with her to open the gates for her.

■ We see no reason why Mrs. Key was permitted to recover damages jointly with her husband. Whatever damages, if any, she may have suffered are such as are recoverable by her husband, under proper pleading and proof. No issue touching damages sustained by her was submitted.

■ The general issues touching damages and the amount of plaintiffs' damages should not have been given, but should have been confined to the special damages alleged to have been suffered, if supported by proof, and the answers made by the jury are not supported by any testimony of probative force.

■ We are of opinion that a tenant may recover damages for specific injury to his leasehold estate in like manner as may the owner of the fee.

In view of the holdings in Texas & Pac. Ry. Co. v. Mercer et al., 127 Tex. 220, 90

S.W.2d 557, 106 A.L.R. 1299 (Commission of Appeals adopted by Supreme Court), the judgment of the district court is reversed and the cause is remanded.