ORKIN EXTERMINATING CO., INC., Appellant,

v.

Ineda LESASSIER, Appellee.

No. 09–83–221 CV.

Court of Appeals of Texas, Beaumont.

Feb. 7, 1985.

Rehearing Denied March 6, 1985.

Philip Babin, III, Strong, Pipkin, Nelson, Parker & Bissell, Beaumont, for appellant.

M. Scott Taylor, Lufkin, for appellee.

## OPINION

BURGESS, Justice.

This is a Texas Deceptive Trade Practices case. Mrs. Ineda LeSassier contracted with Orkin Exterminating Co., Inc., for termite extermination services on May 10, 1978. Orkin in their contract, stated the treatment would involve (1) removal of cellulose debris, (2) scraping of tunnels, (3) trench and treat soil around the foundation and (4) trench and treat around any structure such as water pipes or television antennas that made contact with the house and ground. Mrs. LeSassier paid Orkin upon signing the contract and several days later, Orkin's service man came to Mrs. LeSassier's home for the treatment. She let him in the home and returned to her employment. When she returned home from work that day, the service man was gone and she had no further contact with Orkin until March of 1979 when she began trying to contact Orkin because of what she felt were indications of termite activity. In May, 1979, Mrs. LeSassier personally met with representatives of Orkin and on May 15, 1979 another treatment was done. Mrs. LeSassier continued to have termite problems and damage. She retained another firm to exterminate her home, had the damage repaired and filed suit against Orkin. Trial was before a jury which found Orkin had "represented that work or services had been performed when such work or services had not been performed", that such act was a producing cause of Mrs. LeSassier's damages, and awarded her damages of $12,600.00 plus attorneys' fees of $5750.00. The trial court then trebled the actual damages and entered judgment for $37,800.00 and the $5750.00 attorneys' fees. Appeal has been perfected to this court.

■ Appellant's first point of error:

"There is no evidence, or in the alternative, insufficient evidence, of any act of Orkin actionable under the D.T.P.A."

This argument is based on the premise, that although the evidence may have shown the services contracted for were never performed, there was no representation by Orkin the services had actually been performed. This they contend, is simply breach of contract and not a violation of the D.T.P.A.. We concede there was no direct verbal assertion by Orkin to Mrs. LeSassier that all the termite treatment procedures described in the contract had been performed. But keep in mind, many of these procedures were to be performed under her home and virtually out of sight. The Orkin man came and began to perform some treatment procedures. Mrs. LeSassier left him and returned to work. She never saw an Orkin man again until she complained. The jury obviously found that a service man coming to her home, begin-

ning treatments and thus leaving, never to return, was a representation to Mrs. LeSassier that all the treatments called for in the contract had been performed. We believe this to be a reasonable deduction from the evidence. Appellant's point of error number one is overruled.

Points of error two, three and four complain of the damages awarded by the trial court. We will consider points of error three and four together, as they involve the question of what may be considered "actual damages". The jury found, as elements of Mrs. LeSassier's damages, the sum of $4000.00 as the loss of interest resulting from withdrawal of her savings and the sum of $1181.00 as the cost of re-exterminating her home. Point of error number three states:

"This trial court erred in rendering judgment for pre-judgment interest."

This point refers to the awarding of the $4000.00 as the loss of interest resulting from the withdrawal of Mrs. LeSassier's savings. If this element of damage is pre-judgment interest, she may not recover it because her damages under the Deceptive Trade Practices Act were not definitely determinable as to time and amount. *See Tom Benson Chevrolet, Inc. v. Alvarado*, 636 S.W.2d 815 (Tex.App.—San Antonio 1982, writ ref'd n.r.e.). Is it recoverable, however, as "actual damages?" We have been provided no precedent which holds "loss of use" of funds used to effect repairs to be included within the definition of actual damages under the Deceptive Trade Practices Act.

We do, however, recognize a party is under an obligation to mitigate damages whenever possible. Consequently, a party is entitled to recover, as damages, those amounts reasonably expended in an effort to mitigate. *Texas & P. RY. Co. v. Mercer et al*, 127 Tex. 220, 90 S.W.2d 557 (1936). In a termite infestation case, we believe it reasonable to (1) have an immediate re-extermination in order to mitigate damages and (2) to repair the termite damage in order to ascertain the correct measure of damage. The cost of these are certainly "actual damages." In this case, the re-extermination cost and the loss of interest in order to effectuate repairs were "actual damages" of Mrs. LeSassier and therefore recoverable. Points of error number three and four are overruled.

Point of error number two:

"The trial court erred in rendering judgment contrary to the jury's verdict."

The trial court entered judgment for treble damages, in spite of the fact the jury found the defendant had not received written notice of Mrs. LeSassier's complaint. There was no motion to disregard this finding. A trial judge is not empowered to disregard jury findings on its own initiative and in absence of a motion. *Williams v. Northrup*, 649 S.W.2d 740 (Tex. App.—Tyler 1983, writ ref'd n.r.e.), *Durham v. Uvalde Rock Asphalt Company*, 599 S.W.2d 866 (Tex.Civ.App.—San Antonio 1980, no writ). Point of error number two is sustained as to the trebling of damages by the trial court.

Accordingly, the judgment of the trial court is reformed only with regard to the award of treble damages. In all other respects, the trial court is affirmed.