

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

December 6, 1989

Honorable Steven D. Wolens
Chairman
Business and Commerce
    Committee
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78768-2910

Opinion No. JM-1118

Re: Obligation of a real
estate licensee with regard
to disclosure that a pre-
vious or current occupant
of real property had or has
AIDS or HIV infection
(RQ-1797)

Dear Representative Wolens:

You ask four questions regarding the disclosure of the
fact that a previous or current occupant of real estate had
or has human immunodeficiency virus (HIV).[1] In your first
question, you ask:

> Will a real estate licensee who discloses
> actual knowledge that a previous or current
> occupant of real property had or has AIDS,
> HIV-related illnesses, or HIV infection in
> response to a specific request for disclosure
> be in violation of the Federal Fair Housing
> Act of 1988 (42 U.S.C. Sections 3604-3606)
> and the Texas Fair Housing Act (S.B. 75)?

We have already answered your first question in
Attorney General Opinion JM-1093 (1989). In that opinion we
addressed questions regarding the application and interpre-
tation of House Bill 976, adopted by the 71st Legislature,
which would require a real estate licensee to make the
disclosure that is central to your questions.

In Attorney General Opinion JM-1093, we first deter-
mined that the federal Fair Housing Act invalidates state
law that "purports to require or permit any action that

---

1. For the purposes of this opinion we will use the
term "HIV infection" to include all stages of the infection,
including AIDS, because it is the presence of the virus and
not the stage of the disease that is pertinent.

would be a discriminatory housing practice" under the federal statute. 42 U.S.C. § 3615; Attorney General Opinion JM-1093 (1989), at 2.

We next examined the legislative history of the federal Fair Housing Amendments Act of 1988 and the rules enacted pursuant to those amendments. We ascertained that the 1988 amendments extended the protections of the federal Fair Housing Act to handicapped persons and that the class of handicapped persons includes individuals afflicted with HIV. H.R. Rep. No. 711, 100th Cong., 2d Sess., reprinted in, 1988 U.S. Code Cong. & Admin. News 2173, 2179; 54 Fed. Reg. 3288 (to be codified at 24 C.F.R. § 100.201); Attorney General Opinion JM-1093 (1989), at 3.

At the time our opinion was issued there were no reported cases interpreting the 1988 amendments, however, Baxter v. City of Belleville, 1989 U.S. Dist. Lexis 10298 (S.D. Ill., Aug. 25, 1989), issued a few days prior to JM-1093, largely supports our conclusion. The Baxter case involved a zoning action that would have prohibited the plaintiff from operating a residence for AIDS patients. The Baxter court examined the legislative history of the amendments and reached the same conclusion that we did:

> It is clear from its legislative history that Congress intended to include among handicapped persons those who are HIV-positive.

Baxter, supra, at 25.

It is the disclosure of the HIV infection of the former occupant that is the "discriminatory housing practice" under the federal law. Section 3604 of title 42 of the United States Code, as amended in 1988, provides in part as follows:

> As made applicable by section 3603 of this title and except as exempted by sections 3603(b) and 3607 of this title, it shall be unlawful --
>
> . . . .
>
> (c) To make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, sex, handicap, familial status, or national origin, or an intention to make any

> such preference, limitation, or discrimina-
> tion.  (Emphasis added.)

42 U.S.C. § 3604.

The court in United States v. Hunter, 459 F.2d 205 (4th Cir.), cert. denied, 409 U.S. 934 (1972), in upholding a declaratory injunction prohibiting continued publication of newspaper advertisements containing the phrase "white home," examined the application of section 3604(c) and found that the advertisements violated the section. In regard to the application of the section, the court said:

> Unlike other sections of the Fair Housing title, § 3604(c) does not provide any specific exemptions or designate the persons covered, but rather, as the court below noted, applies on its face to 'anyone' printing or publishing illegal advertise-ments.

Id. at 210.

The court limited its analysis to "printing" and "publishing," because that was the issue in that case; however, the section is much broader than indicated there. The section also has been interpreted to prohibit discriminatory verbal statements made by an agent of the owner of real property. United States v. L & H Land Corp., 407 F.Supp. 576 (S.D. Fla. 1976). Likewise, the section has been applied against the recorder of deeds relative to the inclusion of restrictive covenants in recorded property deeds. Mayers v. Ridley, 465 F.2d 630 (D.C. Cir. 1972).

We based our earlier opinion on the plain language of section 3604(c) in combination with the traditionally broad interpretation given to the Fair Housing Act by the courts. The Baxter court also recognized that judicial inclination:

> It has long been recognized that to give full measure to the Congressional purpose behind the FHA, courts have given broad interpretation to the statute.

Baxter, supra, at 34-35.

As we noted in our earlier opinion:

> The determination of whether a potential buyer's 'specific request' ('Does the current occupant have AIDS?' or 'Tell me whether a former occupant had AIDS.') is a statement

> within the federal prohibition is a question of fact and not answerable in the opinion process. However, any affirmative response to that question would certainly have a discriminatory effect.

Attorney General Opinion JM-1093 (1989), at 6.

We reaffirm our prior opinion: the federal Fair Housing Act now prohibits the disclosure of the fact that a current or former occupant of a residence has or had AIDS or some other degree of HIV infection.

Whether the same activity would violate the Texas Fair Housing Act is immaterial because, as we concluded in our earlier opinion, the federal law prohibits the disclosure of the HIV infection of an occupant of a residence. However, we note that the effective date of the Texas Fair Housing Act is premised on certification by the United States Department of Housing and Urban Development that the Texas act is "substantially equivalent" to the federal act. Acts 1989, 71st Leg., ch. 1081, § 11.01. Thus, it appears that the disclosure indicated in your first question would contravene the state statute as well as the federal act.

In your second question you ask:

> Is AIDS, an HIV-related illness, or HIV infection a 'material fact' under the disclosure requirements of Section 17.46(b)(23) of Texas' Deceptive Trade Practices–Consumer Protection Act, Tex. Bus. & Comm. Code Ann. Section 17.46(b)(23) (Vernon 1987)?

The Deceptive Trade Practices and Consumer Protection Act (DTPA) was enacted in 1973 to protect consumers from false, misleading, and deceptive trade practices. _See generally_ Bus. & Comm. Code § 17.41 _et seq_. It is to be construed broadly to promote its underlying purposes. _Id._ § 17.44.

Real estate is covered under the definition of "goods" in the act. _Id._ § 17.45(1); _see also_ _Woods v. Littleton_, 554 S.W.2d 662, 667 (Tex. 1977); _Parks v. U.S. Home Corp._, 652 S.W.2d 479 (Tex. App. - Houston [1st Dist.] 1983, writ dism'd); _Anderson v. Havins_, 595 S.W.2d 147 (Tex. Civ. App. - Amarillo 1980, writ dism'd). The DTPA also applies to real estate brokers. _Cameron v. Terrell & Garrett, Inc._, 618 S.W.2d 535, 541 (Tex. 1981); _Manchac v. Pace_, 608 S.W.2d 314 (Tex. Civ. App. - Beaumont 1980, writ ref'd n.r.e.).

The section about which you specifically inquire reads as follows:

> (b) Except as provided in Subsection (d) of this section, the term 'false, misleading, or deceptive acts or practices' includes, but is not limited to, the following acts:
>
> . . . .
>
> (23) the failure to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

Bus. & Comm. Code § 17.46(b)(23).

Although the language of this section is broad, it has been interpreted to mean that the DTPA protects against the nondisclosure of a material fact. First City Mortgage Co. v. Gillis, 694 S.W.2d 144 (Tex. App. - Houston [14th Dist.] 1985, writ ref'd n.r.e.); Gibbs v. Main Bank of Houston, 666 S.W.2d 554, 560 (Tex. App. - Houston [1st Dist.] 1984, no writ).

Generally, the courts applying section 17.46(b)(23) to real estate transactions have found that physical or legal defects in the property are the material facts about which a purchaser must be informed. See, e.g., Ojeda de Toca v. Wise, 748 S.W.2d 449 (Tex. 1988) (duty to disclose demolition order); Weitzel v. Barnes, 691 S.W.2d 598 (Tex. 1985) (failure of air conditioner and water heater to meet city code specifications); Orkin Exterminating Co. v. Lesassier, 688 S.W.2d 651 (Tex. App. - Beaumont 1985, no writ) (incomplete termite extermination); Cobb v. Dunlap, 656 S.W.2d 550 (Tex. App. - Corpus Christi 1983, writ ref'd n.r.e.) (defects of water system in a mobile home park); Anthony Indus. v. Ragsdale, 643 S.W.2d 167 (Tex. App. - Fort Worth 1982, writ ref'd n.r.e.) (construction of swimming pool); Sam Montgomery Oldsmobile Co. v. Johnson, 624 S.W.2d 237 (Tex. Civ. App. - Houston [1st Dist.] 1981, no writ) (refurbished motor home sold as new).

As previously noted, the United States Congress has, relative to real estate transactions, extended protected status to handicapped individuals, including persons afflicted with HIV, and invalidated state law "that purports to require or permit any action that would be a discriminatory housing practice." 42 U.S.C. § 3615. As

indicated in our answer to your first question, Attorney General Opinion JM-1093 determined that the disclosure requirements found in House Bill 976 would purport "to require or permit [an] action that would be a discriminatory housing practice" and thus are invalidated by the federal act. Id.

An interpretation of the DTPA that would require the seller of real property to disclose the HIV infection of a current or former occupant would create a conflict between the state law and the federal law. The state law, so interpreted, would be invalid. See 42 U.S.C. §§ 3604(c), 3615; 24 C.F.R. § 100.201; see also Mayers, supra; Baxter, supra; Attorney General Opinion JM-1093 (1989).

We do not answer your third question because it is premised on an affirmative answer to the second question, which we answer in the negative.

Your fourth question is:

> Is an unauthorized disclosure -- that an individual who is a current or previous occupant of real property has AIDS, HIV-related illnesses, or HIV infection -- a violation of that individual's right to privacy as guaranteed by the United States and/or Texas' Constitution(s)?

The guarantee of privacy derived from the United States Constitution is a guarantee against governmental intrusion. The United States Supreme Court has summarized the guarantee as follows:

> [The Fourth] Amendment protects individual privacy against certain kinds of governmental intrusion, but its protections go further, and often have nothing to do with privacy at all. Other provisions of the Constitution protect personal privacy from other forms of governmental invasion. But the protection of a person's general right to privacy -- his right to be let alone by other people -- is like the protection of his property and of his very life, left largely to the law of the individual States. (Footnotes omitted, emphasis in original.)

Katz v. United States, 389 U.S. 347 (1967).

The Texas Constitution similarly protects individuals' privacy from governmental invasion. The Texas Supreme Court

has interpreted the Texas constitutional guarantee as follows:

> We hold that the Texas Constitution protects personal privacy from unreasonable intrusion. This right to privacy should yield only when the government can demonstrate that an intrusion is reasonably warranted for the achievement of a compelling governmental objective that can be achieved by no less intrusive, more reasonable means.

Texas State Employees Union v. Texas Dep't of Mental Health & Mental Retardation, 746 S.W.2d 203, 205 (Tex. 1987).

Your question, however, appears to relate to a statement by a private individual. Consequently, if that is so, the cases regarding governmental intrusion on a person's privacy would be inapposite. We do note, however, that the Texas legislature has provided both civil and criminal penalties for the unauthorized disclosure of test results in the Communicable Disease Prevention and Control Act. Health & Safety Code §§ 81.103, 81.104; Acts 1989, 71st Leg., ch. 678, § 1, at 2323-24.

## S U M M A R Y

> A real estate licensee who discloses knowledge that a previous or current occupant of real property had or has AIDS or HIV infection would violate the federal Fair Housing Amendments Act of 1988. Consequently, HIV infection of a current or former occupant of real property cannot be disclosed to a potential transferee under the Texas Deceptive Trade Practices Act. The federal and state constitutions protect individual privacy from governmental intrusion, not intrusion by private individuals.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Karen C. Gladney
Assistant Attorney General